TRANSAMERICA INSURANCE COMPANY, Appellant-Appellee,

v.

E. E. PARROTT and Gulf Insurance Company, Appellees,

W. R. Davis et al., Appellees-Appellants.

Court of Appeals of Tennessee, Western Section.

July 17, 1975.

Certiorari Denied by Supreme Court Dec. 1, 1975.

G. W. Morton, Jr., Knoxville, for Transamerica Ins. Co.

Glen R. Claiborne, Knoxville, for E. E. Parrott.

Jerry A. Farmer, Knoxville, for Gulf Ins. Co.

L. Caesar Stair, III and Bernard E. Bernstein, Knoxville, for W. R. Davis and Davis Mfg. Co.

William N. Groover, Knoxville, for James E. Taylor.

NEARN, Judge.

This is a declaratory judgment suit to determine the rights and liabilities of various parties under policies of automobile liability insurance.

Transamerica Insurance Company through its agent, James E. Taylor, issued a policy of liability insurance insuring a truck owned by E. E. Parrott. Later a substituted truck was leased by Parrott to Davis Manufacturing Company. While under lease and being driven by W. R. Davis, an employee of Davis Manufacturing Company but not related to the principal of Davis Manufacturing Company, the leased truck was involved in a collision in Independence, Missouri with another vehicle. At the time of the collision W. R. Davis and Davis Manufacturing Company were "insureds" under a policy issued by Gulf Insurance Company to Davis Manufacturing Company.

Litigation is pending against W. R. Davis and Davis Manufacturing Company by the occupant(s) of the other vehicle involved in the Independence, Missouri collision. That pending litigation is in another Court in another state and forms no part of this case except that it is the impetus which propels this action.

Sometime after Transamerica received knowledge of the Missouri collision it filed its complaint for declaratory judgment in the Chancery Court of Knox County. The original complaint alleged that plaintiff had issued its policy of insurance to E. E. Parrott as the named insured and that Parrott had leased the insured truck to Davis Manufacturing Company whose servant was driving the truck at the time of the Missouri collision. The complaint further stated that plaintiff was informed that the defendant Taylor, its agent, had information that Parrott had leased to Davis Manufac-

turing Company, but failed to make any endorsement or notify plaintiff of the lease agreement with Davis Manufacturing Company.

Plaintiff maintained that its policy afforded no coverage because the policy as written and as intended afforded coverage only on the vehicle while used by Parrott in hauling for the Gilbert Hodges Candy Company and then only on those occasions which fall outside the exclusionary clause of the policy contained in the "local truckman" endorsement which is as follows:

"If regular or frequent trips are made outside a fifty mile radius of the limits of the city or town where the automobile is principally garaged as stated in the declarations, the insurance does not apply to any accident which occurs during any such trip or, return therefrom."

The complaint also charged that unknown to plaintiff, the truck was not used by Parrott to haul for Gilbert Hodges Candy Company, but was leased to Davis Manufacturing Company for regular and frequent trips beyond the 50 mile limits of Knoxville and that Independence, Missouri is more than 50 miles from Knoxville.

Plaintiff also averred that if it was in error in its position of no coverage for Parrott, the questions then arose as to whether or not coverage extended beyond the named insured to driver Davis and Davis Manufacturing Company and if so, then, whether or not plaintiff's policy would be deemed to provide pro rata coverage with the general liability policies of Davis Manufacturing Company.

The complaint also raised the issue of the defendant Taylor's obligation or liability to plaintiff in the event plaintiff must suffer because of its agent's failure to communicate information to the principal.

By an amended complaint Gulf Insurance Company, the general liability carrier for Davis Manufacturing Company, was brought into the matter.

Parrott answered to the effect that when the truck in question was leased to Davis Manufacturing Company all pertinent facts including the use to be made of the truck were disclosed to the agent Taylor and Parrott requested that liability limits be increased from $10,000/20,000 to $100,000/300,000. Further, that an endorsement increasing liability was issued and in the policy issued to Parrott the reference to the radius from the place the vehicle was garaged was left blank so as to read "—outside of a _____mile radius—."

Having made a full disclosure to plaintiff's agent and the policy containing no mileage restriction Parrott was of the opinion that Transamerica's policy afforded coverage and prayed the Court to so declare.

The defendants W. R. Davis and Davis Manufacturing Company answered and averred that prior to the Missouri collision they had been informed that Parrott had insurance, but they had no present knowledge of the name of the carrier or type of insurance he had and had no knowledge of the dealings between Taylor and Parrott. However, both Davis and Davis Manufacturing Company were of the decided opinion that whatever kind of insurance Parrott had, it afforded coverage to them.

The answer of Gulf complements that of W. R. Davis and Davis Manufacturing Company in that it too alleges that the Transamerica policy affords coverage to Davis and Davis Manufacturing Company. Further, while admitting that it is the carrier of liability insurance for Davis Manufacturing Company, Gulf denied it was obligated under its policy to Davis pro rata with Transamerica or otherwise.

In his answer Taylor admitted that he had been requested by Parrott to issue new endorsements showing the truck to be leased to Davis Manufacturing Company and naming it as lessee and increasing the liability coverage. Taylor averred he communicated this information to his principal which issued endorsements increasing coverage limits, but the new endorsements still showed Parrott as insured with no mention of Davis Manufacturing Company. It was further alleged that, in truth, Transamerica knew that the vehicle was leased to Davis Manufacturing Company because prior to the Missouri collision it had paid a claim arising out of a collision in Kentucky when the Davis Manufacturing Company was operating the vehicle.

After hearing all the proof the Chancellor found that Parrott had made a full disclosure to Taylor, the Transamerica agent, and that Taylor had failed to communicate all of the disclosed information to his principal and had failed to send to Parrott the "local truckman" endorsement as issued by Transamerica so that Parrott had in his possession an unrestricted commercial use endorsement. Further, that since Taylor failed to send a copy of the proper endorsement issued by Transamerica to Parrott, the insured had no knowledge that coverage had not been written as requested and agreed upon between Parrott and Taylor. Based upon this finding, the Chancellor concluded that the acts of Taylor were binding upon Transamerica and therefore held that coverage was afforded Parrott as requested, i. e., the Transamerica policy afforded coverage to Parrott, W. R. Davis and Davis Manufacturing Company. The Chancellor further held that Taylor was liable to Transamerica for his errors and omissions and ordered Taylor to indemnify Transamerica for any loss it might suffer because of its liability under its policy.

The Chancellor also found that W. R. Davis and Davis Manufacturing Company had failed to give notice of the accident to Gulf as soon as practicable as required by the Gulf policy. Therefore, Gulf was not obligated under its policy with Davis Manufacturing Company and the suit was dismissed as to Gulf.

The Assignments of Error of Transamerica are as follows:

"1. The trial court erred in holding that Transamerica Insurance Company owed a duty to defend and obligation to

pay any judgment rendered against Davis Manufacturing Company and W. R. Davis.

"2. The trial court erred in holding that the Gulf Insurance Company had no duty to defend nor any obligation to pay any judgment against the driver W. R. Davis.

"3. The court erred in failing to hold that Transamerica Insurance Company and Gulf Insurance Company had concurrent coverage as to E. E. Parrott, and in event that Assignment of Error No. 1 is overruled, in failing to hold that Gulf Insurance Company and Transamerica Insurance Company have concurrent coverage for W. R. Davis, the driver of the vehicle."

The Assignments of Error of Taylor are:

"1. The trial court erred in holding that the defendant, James E. Taylor, owed indemnity to Transamerica Insurance Company.

"2. The trial court erred in holding that Gulf Insurance Company was relieved from any liability under it's policy because Davis Manufacturing Company and/or W. R. Davis failed to give timely notice to Gulf Insurance Company."

W. R. Davis and Davis Manufacturing Company have but a single Assignment of Error which is as follows:

## I.

"The trial court erred in holding that Gulf Insurance Company was relieved of any liability under its policy because Davis Manufacturing Company and W. R. Davis gave Gulf notice 'as soon as practicable'."

Gulf and Parrott are content with things as they are and make no complaint.

In August of 1971 Parrott owned a 1967 Ford truck and a 1963 Ford truck. At that time the 1967 Ford truck was being used on a leased basis with Davis Manufacturing Company and was insured by an insurer other than Transamerica (INA) with no mileage limit radius. The 1963 Ford truck was being driven by Parrott while hauling goods on a part time basis for Gilbert Hodges Candy Company and was also being used on personal matters such as driving to and from his regular place of employment. The 1963 Ford truck was not leased to Gilbert Hodges Candy Company but Parrott was hired with his truck to haul for the Gilbert Hodges Candy Company approximately three days per week. The 1963 Ford truck was insured by Transamerica for the policy period August 9, 1971 to August 9, 1972.

Initially, Parrott received from Taylor the Transamerica policy with a commercial use endorsement with the mileage radius therein left blank. No mention was made in the policy of the Gilbert Hodges Candy Company.

Taylor had authority to issue policies and endorsements binding Transamerica until rejected by Transamerica. Upon receipt by the company of a copy of the policy issued by Taylor, Transamerica ran a credit report and found that Parrott was using the 1963 Ford truck on a part time business basis hauling exclusively for Gilbert Hodges Candy Company within the City of Knoxville and its environs. Transamerica caused to be issued a local truckman endorsement limiting coverage to when hauling specifically for Gilbert Hodges Candy Company and while within 50 miles of Knoxville. Also, a premium computation error was discovered and additional premium was required. This endorsement was forwarded to Taylor by Transamerica for transmission to the insured Parrott. Taylor failed to send the endorsement to Parrott but did bill Parrott for the increased premium which was paid.

About February 1972 Parrott purchased a 1969 Chevrolet truck and advised Taylor of the purchase and the fact that the 1969 Chevrolet truck would be leased to Davis Manufacturing Company in lieu of the 1967 Ford that was then being leased and used by Davis Manufacturing Company and insured by INA. Parrott requested the same

type of coverage on the 1969 Chevrolet that he had under the INA policy with increased coverage of $100,000/300,000. A full disclosure by Parrott had previously been made to Taylor of his arrangements with Davis Manufacturing Company. Parrott made no specific request as to which company was to insure the 1969 truck, but simply requested coverage which Taylor agreed to obtain.

About the same time the 1963 Ford truck was sold and the record is unclear as to whether or not Parrott continued hauling for Gilbert Hodges Candy Company. The record is also unclear as to what happened to the INA policy or what happened to the 1967 Ford truck in relationship to the INA policy. But, for some reason, which again is not made clear in the record, Taylor sought to obtain the desired coverage for Parrott under the Transamerica policy. Endorsements were issued by Transamerica substituting the 1969 Chevrolet for the 1963 Ford and increasing coverage to $100,000/300,000. Taylor did not advise Transamerica that the vehicle was leased to Davis Manufacturing Company so that no new endorsement was issued which would indicate a change of use from a hauling operation for Gilbert Hodges Candy Company to a lease arrangement with Davis Manufacturing. (Parrott being unaware of the first endorsement.)

Taylor sent the endorsement changing vehicles and limits to Parrott which he received.

Parrott's lease agreement with Davis Manufacturing Company provided that Parrott must carry insurance on the vehicle. Parrott displayed his Transamerica policy and endorsement to Davis Manufacturing Company and it accepted the 1969 truck.

At this point in time Parrott had in his possession a commercial liability and comprehensive policy insuring the 1969 Chevrolet truck to limits of $100,000/300,000 with no limitations as to use or mileage radius and had no knowledge that any restrictive endorsements had been issued by Transamerica.

On or about July 27, 1972, during the Transamerica policy period, the 1969 Chevrolet truck, while being driven by the servant of Davis Manufacturing Company, was involved in a collision near Independence, Missouri which resulted in injuries to others. It is stipulated by the parties that possible negligence of the Davis driver is an open and serious question.

To this point our foregoing finding of facts is essentially the same as that of the Chancellor. For the sake of clarity and facility in treating all the Assignments of Error we think it best to here consider the Assignments of Error dealing with the Chancellor's holding regarding liability of Transamerica and Taylor. Gulf's position is dependent upon other distinct and separate facts which will be presented in their place.

■ It is conceded as it must be by counsel for Transamerica that the failure of Taylor to properly communicate the "truckman local" endorsement to the insured Parrott, did not affect Parrott's rights under the policy. Therefore the named insured had a policy which to him was unrestricted as to mile radius and not limited to use for a single business. See *Henry v. Southern Fire and Casualty Company* (1959 W.S.), 46 Tenn.App. 335, 330 S.W.2d 18; T.C.A. § 56–705.

However, it is argued that although Parrott was insured because of Taylor's error or misrepresentation, that liability of Transamerica to Parrott which is beyond the actual terms of the policy does not extend to one (Davis Manufacturing Company) to whom Taylor made no representation. We hold this argument to be without merit. The loss would ultimately fall upon Parrott because of Taylor's error and not Davis Manufacturing Company. If Parrott had not been presented with a policy by Taylor which in effect insured Davis Manufacturing Company he would have failed to comply with this contract with Davis to furnish insurance and would have breached that contract which would, in turn, render Parrott liable to Davis Manufacturing Com-

pany. The loss would be that of Parrott caused by the misrepresentation to him by Transamerica acting through Taylor. Parrott paid a premium and was assured that he had insurance to cover his truck while being used by Davis Manufacturing Company. We hold, as did the Chancellor, that is what he got.

The Assignments of Error directed to the Chancellor's holding that Transamerica was bound under its policy to Davis and Davis Manufacturing Company are overruled.

■ It is Taylor's position that he should not be held liable to Transamerica because an insurance agent is not liable to his principal if the loss would have occurred even if the instructions had been obeyed, citing *Virginia Surety Company v. Lee* (1964 W.S.), 55 Tenn.App. 501, 402 S.W.2d 714. The proposition is tendered that the most he would be liable for is some increased premium.

Further, it is argued that prior to the Missouri collision the 1969 Chevrolet truck was involved in a collision with a light meter in Lancaster, Kentucky while being driven by the servant of Davis Manufacturing Company and therefore Transamerica was aware or should have been aware of the true status of the 1969 Chevrolet. Therefore, Taylor cannot be held liable for failing to disclose what was already known or should have been known.

The *Virginia Surety Company* case, *supra,* affords no shelter to Taylor. The proof is undisputed that Transamerica has not and will not insure any vehicle which is leased to another. It has and does insure vehicles which are used by the owner or his servant in hauling goods. On occasions it has insured long-haul operations so long as they are owner operated, but it is the policy of the company never to insure leased vehicles. This being true, Transamerica would never have issued the policy in the first place had they known the true situation.

The argument that the Lancaster, Kentucky collision somehow placed Transamerica on notice of the true situation is without merit. The damage to the meter occurring in Lancaster, Kentucky was in the amount of $102.47. Davis notified Parrott and Parrott notified Taylor of the loss and the claim was forwarded to Transamerica by Taylor and was paid. The undisputed proof is that whenever Transamerica receives a loss not involving personal injuries, less than $400.00, it simply takes the word of the agent that there is coverage and makes no investigation of that issue. Again, Transamerica took the word of Taylor to its detriment. The Lancaster, Kentucky collision cannot be considered to have put Transamerica on notice. See and compare *Williams v. Bankers Life Company* (1972 Tenn.App.W.S.), 481 S.W.2d 386; *Westchester Fire Ins. Co. v. McAdoo* (1899), Tenn.Ch. App., 57 S.W. 409.

The first Assignment of Error of Taylor is overruled.

■ We now address ourselves to the issue of the Chancellor's holding regarding Gulf Insurance Company.

Gulf's policy provides that notice of accident must be given "as soon as practicable". From the proof the Chancellor concluded that Gulf was not liable because, as he stated, "late notice" was given Gulf by Davis Manufacturing Company and the burden of showing "no prejudice" to Gulf was upon Davis Manufacturing Company and there was no proof to show that Gulf was not harmed by the delay in reporting. We are of the opinion the Chancellor was in error in his conclusion and holding in this regard.

In order to determine whether notice was given "as soon as practicable" some understanding of the term as well as the manner in which it should be construed must be established as a premise. We are of the opinion the case of *Young v. Travelers Insurance Company* (5th Cir. 1941), 119 F.2d 877, adequately sets forth the premise as follows:

"The time words in the clause, 'as soon as practicable' are not words of precise and

definite import. They are roomy words. They provide for more or less free play. They are in their nature ambulatory and subject under the guiding rule, to the impact of particular facts on particular cases. They do not in terms require immediate notice or notice within a particular number of days. They may not be so construed. They do not even provide for notice 'as soon as possible.' In terms, they require notice 'as soon as practicable' and they must be construed as requiring the notice within a reasonable time under all the circumstances, to effectuate the objects and purposes of the notice clause."

When that duty of an insured to notify "as soon as practicable" arises has been described in *Osborne v. Hartford Accident and Indemnity Co.* (1972 M.S.), 63 Tenn. App. 518, 476 S.W.2d 256, as follows:

"It is also elemental that the duty to notify does not arise until an ordinarily or reasonably prudent man would have known (c) of the occurrence of the event and (d) that the event might reasonably be expected to produce a claim against the insurer."

With these principles in mind we examine the facts as they undoubtedly appeared to Davis Manufacturing Company at the time of the Missouri collision.

Davis Manufacturing Company had in its possession a lease agreement with Parrott which stated Parrott would carry the liability insurance on vehicles leased to Davis Manufacturing Company. Also, Davis Manufacturing Company had in its possession a policy of insurance issued by Gulf which provided *inter alia,* "with respect to a hired automobile or a non-owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured."

Prior to the Missouri collision, the leased truck had been involved in a minor one vehicle accident wherein the truck struck a light meter belonging to Kentucky Utilities Board in Kentucky while being driven by the servant of Davis Manufacturing Company. Davis Manufacturing Company notified Parrott of the accident, and Transamerica handled the claim and paid for the damage to the meter. Davis Manufacturing Company did not notify Gulf of this accident.

After the Missouri accident, the Davis driver reported to Davis Manufacturing Company that a relatively slight accident occurred in Missouri. Davis Manufacturing Company again notified Parrott, who notified Transamerica through Taylor, which insurance company came upon the premises of Davis Manufacturing Company, examined the leased vehicle and paid for its repairs.

Davis Manufacturing Company heard no more about the matter until late August or early September 1972 when Parrott, in a conversation with a superior at Davis Manufacturing Company advised that there seemed to be some difficulty with Transamerica over the liability policy as something was being said about Transamerica not being liable for trips outside of a 50 mile radius of Knoxville. Davis Manufacturing Company asked Parrott to bring over his policy and let it be examined by a corporate officer. This was done and, of course, no radius limitation could be found as none existed in the policy that had been given Parrott. Being satisfied, Davis Manufacturing Company took no further action.

Nothing further was heard about any question of liability coverage until about November 14, 1972, when Davis Manufacturing Company was contacted by a representative of Transamerica who expressed doubts as to coverage. On or about November 15, 1972, Davis Manufacturing Company received written notice from Transamerica that its policy afforded no coverage to Davis Manufacturing Company or W. R. Davis. This letter was immediately forwarded to the agent of Gulf. This was the first notice given to Gulf.

Under all the circumstances, we hold that this notice was given as soon as practicable.

The term "practicable" not only means reasonable, but has the additional connotation of what might be termed common or "horse" sense. Being practicable about a matter means eliminating the purely formal or useless acts which serve no real or valid purpose. Davis Manufacturing Company was armed with a policy which contained a statement by Gulf to the effect that in those accidents in which leased vehicles are involved you will have no claim against us unless (a) the leased vehicle is uninsured or (b) if insured, only for so much as exceeds the existing insurance.

We would note at this point that we do not find any aggrieved party to this litigation insisting or intimating that the liability claim arising out of the Missouri collision will exceed the Transamerica limits.

We hold, as did the Middle Section of this Court in *Osborne, supra,* that in situations such as this, the insured is obligated to notify the insurer "as soon as practicable" from the time the insured knew or should have known that the event for which coverage is sought might reasonably be expected to produce a claim against the insurer.

We further hold that Davis Manufacturing Company did notify Gulf as soon as practicable. Therefore, the issue of prejudice or lack thereof is not germane.

We also hold that one notice given as soon as practicable is sufficient. We say this because it has been argued that because W. R. Davis, the employee driver of Davis Manufacturing Company, did not give notice, no coverage is afforded him. The purpose of the notice in question is to give the insurer notice of the accident so that it may be investigated. Once this has been done other notices are supererogatory.

 Now, having ruled that Gulf is liable under its policy, we must determine in what manner, that is, in excess or on a pro rata basis. This issue is not difficult for us to decide as it has been previously decided by our Supreme Court in the case of *Continental Ins. Co. v. Insurance Co. of No. America* (1970), 224 Tenn. 306, 454 S.W.2d 709, which is on "all fours" with this case. We hold Gulf liable on a pro rata basis.

As in the *Continental* case, *supra,* both Parrott and Davis Manufacturing Company have separate policies which afford them coverage on their own vehicles. Each policy provides for coverage in case of permissive use. Each policy attempts to provide "excess only" as to non-owned vehicles. Neither policy affords unconditional primary coverage. Each attempts to restrict liability where "other insurance" is available. When such is the case the "other insurance" clauses are repugnant and will be disregarded and the loss pro rated. Also see *State Farm Mutual Insurance Co. v. Taylor* (1974 Tenn.), 511 S.W.2d 464.[1]

The Assignments of Error directed to the Chancellor's dismissal of Gulf are sustained.

The result is that the decree below is affirmed except as herein modified.

Costs below and in this Court are adjudged equally between Taylor and Gulf.

CARNEY, P. J., and MATHERNE, J., concur.

---

1. T.C.A. § 56–1164 has no application to this case as it applies to policies issued or renewed subsequent to May 7, 1973.