RELIANCE INSURANCE COMPANY,
Appellant,

v.

ATHENA CABLEVISION CORPORA-
TION et al., Appellees.

Supreme Court of Tennessee.

Nov. 7, 1977.

F. Graham Bartlett, McCampbell, Young, Bartlett & Hollow, Knoxville, for appellant.

Harry W. Asquith, Asquith, Ailor & Jones, William R. Banks, Knoxville, for appellees.

## OPINION

FONES, Justice.

In this case plaintiff, Reliance Insurance Company, sought a declaratory judgment relieving it of all obligations to its insured defendant, Athena Cablevision Corporation of Knoxville, for failure to comply with the notice provision of the policy.

The Chancellor held that Athena was excused from giving notice because it had substantial grounds to believe the death claim was being handled by its indemnitor, Alabama Steeplejack Service, Inc., and its insurance carrier.

The facts were stipulated and the case is before this Court on the direct appeal of Reliance.

On January 26, 1975, Douglas Earl Bailey, and employee of Alabama Steeplejack Service, Inc. was killed while helping to erect a tower for Athena Cablevision Corporation of Knoxville, defendant-in-error. Alabama Steeplejack was erecting the tower pursuant to a contract with Athena, which contract provided that Alabama Steeplejack would carry all necessary insurance coverage and would hold Athena harmless from all claims arising out of the construction of the tower. Executive officers of Athena were notified of Bailey's death immediately. No notice of the occurrence was given Athena's insurance carrier until immediately after suit was filed on January 23, 1976. Paragraph six (6) of the stipulation reads in part as follows:

"The reason for not giving said notice to Reliance Insurance Company was because Athena Cablevision Corporation of Knoxville did not think it was necessary under its contract with Alabama Steeplejack Service, Inc., and that the insurance carrier for Alabama Steeplejack Service, Inc. was handling the claim arising out of the death of Douglas Earl Bailey."

Paragraph 6(a) of the General Conditions of the policy provides as follows:

"Written notice of each occurrence or accident shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable after notice thereof has been received *by an executive officer at the insured's headquarters.*" (Emphasis in original).

A condition in an insurance policy which requires the insured to give notice of an occurrence "as soon as practicable" imposes a duty on the insured to give notice when he becomes, or should become, aware of facts which would suggest to a reasonably prudent person that the event for which coverage is sought might reasonably be expected to produce a claim against the insurer. *Transamerica Ins. Co. v. Parrott,* 531 S.W.2d 306 (Tenn.App.1975); *Osborne v. Hartford Accident & Indem. Co.,* 63 Tenn.App. 518, 476 S.W.2d 256 (1972); *Munal Clinic v. Applegate,* 38 Tenn.App. 280, 273 S.W.2d 712 (1954).

*Transamerica Ins. Co. v. Parrott, supra,* involved two insurers arguably insuring the same property. Transamerica had issued a primary policy on a truck which was subsequently leased out. The lease contract required that lessor provide liability coverage for the vehicle; Gulf Insurance Company has issued a policy to the lessee which provided coverage for liability in excess of other insurance coverage on non-owned vehicles. Lessee's servant was involved in an accident for which the claim did not exceed the Transamerica policy limits. Transamerica was promptly notified, but Gulf was not notified until Transamerica denied coverage, approximately three and one half months after the accident. In a declaratory judgment action, the Chancellor held that Gulf was not liable to defend or to indemnify lessee because of failure to give notice "as soon as practicable," as required by the policy.

The Court of Appeals adopted the interpretation placed upon the key words in the notice provision by the Fifth Circuit Court of Appeals in *Young v. Travelers Insurance Company,* 119 F.2d 877 (5th Cir. 1941), as follows:

" 'The time words in the clause, "as soon as practicable" are not words of precise and definite import. They are roomy words. They provide for more or less free play. They are in their nature ambulatory and subject under the guiding rule, to the impact of particular facts on particular cases. They do not in terms require immediate notice or notice within a particular number of days. They may not be so construed. They do not even provide for notice "as soon as possible." In terms, they require notice "as soon as practicable" and they must be construed as requiring the notice within a reasonable time under all the circumstances, to effectuate the objects and purposes of the notice clause.' " 531 S.W.2d at 312, 313. Judge Nearn writing for the Court, further defined the term "practicable" and applied the definition to the case, thus:

"The term 'practicable' not only means reasonable, but has the additional connotation of what might be termed common or 'horse' sense. Being practicable about a matter means eliminating the purely formal or useless acts which serve no real or valid purpose. Davis Manufacturing Company was armed with a policy which contained a statement by Gulf to the effect that in those accidents in which leased vehicles are involved you will have no claim against us unless (a) the leased vehicle is uninsured or (b) if insured, only for so much as exceeds the existing insurance." 531 S.W.2d at 314.

"[I]n situations such as this, the insured is obligated to notify the insurer 'as soon as practicable' from the time the insured knew or should have known that the event for which coverage is sought might reasonably be expected to produce a claim against the insurer." *Id.*

*Parrott* is a correct statement of the law, and the relevant facts are legally indistinguishable from the case at bar.

In the case at bar, Athena, indemnified by contract and knowing that Alabama Steeplejack's insurer was handling the claim, had good reason to believe that no claim would be made against it until suit was filed.

Other Tennessee cases have achieved the same result in cases involving insurance conditions requiring notice "as soon as practicable" by holding that circumstances comparable to those in the instant case excused the giving of prompt notice. See, *e. g.*, *Shamrock Homebuilders, Inc. v. Cherokee Ins. Co.*, 225 Tenn. 236, 466 S.W.2d 204 (1971); *Spradlin v. Columbia Ins. Co.*, 34 Tenn.App. 17, 232 S.W.2d 605 (1950).

Appellant relies primarily on the following cases to establish that an insured is required to give prompt notice to his insurer to preserve his rights under the policy. *Sohm v. United States Fidelity & Guaranty Co.*, 352 F.2d 65 (6th Cir. 1965) (applying Tennessee law); *Rural Education Ass'n v. American Fire & Casualty Co.*, 207 F.2d 596 (6th Cir. 1953) (applying Tennessee law); *Pennsylvania, Etc., Ins. Co. v. Horner*, 198 Tenn. 445, 281 S.W.2d 44 (1955); *Phoenix Cotton Oil Co. v. Royal Indemnity Co.*, 140 Tenn. 438, 205 S.W.2d 128 (1918); *Osborne v. Hartford Accident & Indemnity Insurance Co.*, 63 Tenn.App. 518, 476 S.W.2d 256 (1972); *Foreman v. Union Indemnity Co.*, 12 Tenn.App. 89 (1928). The only principle relevant to the instant case to be gleaned from these cases is that failure to give prompt notice of the occurrence upon which liability is asserted will release the insurer from liability where there is no reason for the delay. None of these cases deal with a situation apposite to that at bar, where the insured reasonably relied upon an indemnity contract, with knowledge that the indemnitor's insurer was handling the claim, until suit was filed against it, whereupon notice was promptly given.

Affirmed. Costs are adjudged against Reliance Insurance Company.

COOPER, C. J., and HENRY, BROCK and HARBISON, JJ., concur.