MFA MUTUAL INSURANCE
COMPANY, Plaintiff,

v.

Boyd R. CLARK et al., Defendants.

No. CIV–4–77–15.

United States District Court,
E. D. Tennessee,
Winchester Division.

Feb. 24, 1978.

James D. Robinson, Chattanooga, Tenn., for plaintiff.

Joe S. Bean and Joe R. Hickerson, Winchester, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

This is a civil action by an insuror for a declaratory judgment as to the rights of the parties under a policy of insurance. 28 U.S.C. § 1332(a)(1), (c). The plaintiff moved for a summary judgment. Rule 56(a), Federal Rules of Civil Procedure. Such motion obviously lacks merit.

Section II, subsection 3, of the policy involved herein provides that when an occurrence takes place, written notice shall be given by or on behalf of the insured to the insuror or any of its authorized agents " * * * as soon as practicable. * * * " It is also provided in subsection 8 thereof that no action shall lie against the insuror unless, as a condition precedent thereto, the insured " * * * shall have fully complied with all the terms of th[e] policy applicable to Section II. * * * " The plaintiff contends that it is entitled to a summary judgment because, as a matter of law, such required notice was not given in a timely fashion.

The Court's jurisdiction herein, having been invoked under the diverse citizenship of the parties and the requisite amount in controversy, this Court must look to the law of Tennessee. *Boatland, Inc. v. Brunswick Corp.,* C.A. 6th (1977), 558 F.2d 818, 821[1]. Recently, the Tennessee Supreme Court addressed itself to a situation similar to that involved herein. *Reliance Insurance Company v. Athena Cablevision Corp.* (Tenn., 1977), 560 S.W.2d 617. Such court held that " * * * [a] condition in an insurance policy which requires the insured to give notice of an occurrence 'as soon as practicable' imposes a duty on the insured to give notice when he becomes, or should become, aware of facts which would suggest to a reasonably prudent person that the event for which coverage is sought might reasonably be expected to produce a claim against the insurer. * * * " *Ibid.,* 560 S.W.2d at 618[1]. The court further quoted as a correct statement of the law in Tennessee that " * * * '[t]he term "practicable" not only means reasonable, but has the addi-

tional connotation of what might be termed common or "horse" sense. Being practicable about a matter means eliminating the purely formal or useless acts which serve no real or valid purpose.' * * * " *Ibid.*, 560 S.W.2d at 618, quoting from *Transamerica Ins. Co. v. Parrott*, C.A.Tenn. (1975), 531 S.W.2d 306, 314.

■ Summary judgment is permissible " * * * only if there are no material issues of fact and the record shows 'that the moving party is entitled to judgment as a matter of law.' * * * " *Lashlee v. Sumner*, C.A. 6th (1978), 570 F.2d 107, 111. The function of such a motion is not to permit the court to decide issues of fact, " * * * but solely to determine whether there is an issue of fact to be tried. * * * " *United States v. Articles of Device, etc.*, C.A. 6th (1976), 527 F.2d 1008, 1011[2, 3].

The moving party must " * * * bear the burden of clearly establishing the non-existence of any genuine issue of fact material to a judgment in his favor. * * * " *Ibid.*, 527 F.2d at 1011[4, 5]. The record herein must be construed in the light most favorable to the defendants. *Idem.*

■ It is stipulated that the first notice of the claim under the policy herein the plaintiff received relating to the injury involved herein was the letter received by it on January 4, 1977. III(c) of pretrial order herein of January 24, 1978. It is also undisputed that the incident from which the aforementioned injury arose took place on April 18, 1976. However, whether this notice was given "as soon as practicable" involves a genuine issue of material fact over which the parties differ.* The time at which the insured(s) became aware, or should have become aware, of facts which would suggest to a reasonably prudent per-

son that the event for which coverage is sought might reasonably be expected to produce a claim against the plaintiff under the policy is a factual issue which cannot be resolved on a motion for summary judgment.

Accordingly, the motion of the plaintiff herein of February 15, 1978 for a summary judgment hereby is

OVERRULED.

---

* " * * * '"The time words in the clause, 'as soon as practicable' are not words of precise and definite import. They are roomy words. They provide for more or less free play. They are in their nature ambulatory and subject under the guiding rule, to the impact of particular facts on particular cases. They do not in terms require immediate notice or notice within a particular number of days. They may not be so construed. They do not even provide for notice 'as soon as possible.' In terms, they require notice 'as soon as practicable' and they must be construed as requiring the notice within a reasonable time under all the circumstances, to effectuate the objects and purposes of the notice clause."' * * * " *Reliance Insurance Company v. Athena Cablevision Corp.*, *supra*, 560 S.W.2d at 618, quoting with approval from *Transamerica Ins. Co. v. Parrott*, *supra*, 531 S.W.2d at 313.