TENNESSEE FARMERS MUTUAL
INSURANCE COMPANY,
Plaintiff-Appellant,

v.

Jerry NEE, Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section.

July 14, 1982.

Permission to Appeal Denied by
Supreme Court Nov. 1, 1982.

Edward G. Bryant of Waldrop, Farmer, Todd & Breen, Jackson, for plaintiff-appellant.

Jerry R. Maxwell, Dyer, for defendant-appellee.

BROOKS McLEMORE, Special Judge.

Tennessee Farmers Mutual Insurance Company (Tennessee Farmers) seeks a declaration of whether it must defend a lawsuit against its insured, Jerry Nee, and whether it would be liable for any judgment rendered against its insured up to the limits of its policy. The ground for denial of coverage is that the insured failed to notify the insurer of the automobile accident out of which the claim arose as required by the policy. The trial court held that the notice provisions of the policy were met by the insured, and held the insurer liable to its insured under the terms thereof. Tennessee Farmers appeals.

The personal injury lawsuit arose out of the factual situation wherein Nee was driving his tractor, with a spray rig attached, down a hard surface road and was almost to the entrance of his farm driveway when a pickup truck occupied by three women passed or attempted to pass him, but ran off the left side of the road into a rather deep ditch. Nee planned to enter his private driveway by turning to his left. A passenger in the pickup, Lennie Alice McCaig, sustained personal injuries for which she sued Nee in the Circuit Court for Gibson County, at Trenton, Tennessee, in the case of *Lennie Alice McCaig v. Jerry D. Nee*, No. 6181. McCaig alleged that Nee turned left in front of the vehicle in which she was riding, causing that vehicle to run

into the ditch. There is no evidence in this record that there was physical contact between the vehicles.

Tennessee Farmers had issued to Nee its farm owners—ranch owners liability policy which was in effect on May 26, 1979, the date of the accident. That policy provides, in part, as follows:

5. INSURED'S DUTIES IN THE EVENT OF ACCIDENT, OCCURRENCE, CLAIM OR SUIT:

a. under Coverage G—Personal Liability and Coverage H—Medical Payments to Others:

(1) In the event of an accident or occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and the addresses of the insured and of available witnesses, shall be given by or for the Insured to this Company or any of its authorized agents as soon as practicable.

Tennessee Farmers alleged that it received no notice of this accident or occurrence until on or about May 19, 1980, when Nee delivered to its agent in Trenton, Tennessee a copy of the complaint filed in *McCaig v. Nee.*

It is established that Nee did not personally notify Tennessee Farmers of the accident until he delivered the copy of the complaint in the tort action to the insurer's agent in Trenton, approximately one year after the incident. Nee took the position that he was under no duty to notify his insurer that a pickup truck ran into a ditch, because he concluded that his liability insurance would not pay for the resulting damages. Nee now argues that upon inquiry by other parties the insurer denied the existence of a policy or coverage, or both, which he now claims misled him and resulted in his failure to give notice. Nee also attempts to rely upon the fact that he had no idea, nor reason to suspect, that a claim might be asserted against him because of this occurrence. Nee further relies upon alleged facts of notification by other parties which he claims satisfied the policy requirements.

After the pickup ran into the ditch, Nee parked his tractor in his farm driveway and attempted to assist the three women in the pickup. He stated that these parties had received personal injuries and that Lennie Alice McCaig appeared to be rather seriously injured. He stated that all three women were removed from the scene by ambulance. Nee further stated that highway patrolman Poteet investigated the accident, talked with him and with the driver of the pickup and at that time inspected Nee's rig for damages. The patrolman also made a trip back to Nee's farm on another day and again inspected the rig for signs of damages to it. The patrolman testified that he found no signs of damage to the tractor rig, but the driver of the pickup had told him that the vehicles did come in contact and she then ran into the ditch.

A few days later an adjuster from State Farm came to the scene, took pictures and talked with Nee. At that time Nee voluntarily invited that adjuster to inspect his tractor and sprayer for damages. This appears rather odd in light of the fact that Nee now claims that the matter of contact between the vehicles had not been brought up with him and he did not know that anyone was under the impression that there was contact between the vehicles. This stance being taken as additional proof that he had no idea that he had been involved in an accident or occurrence from which other parties could assert a claim against him.

On September 24, 1979, attorney Billy R. Barron of Trenton wrote Nee the following letter:

Dear Mr. Nee:

We have been retained by Mrs. Lennie McCaig to assist her in the accident for collection of damages incurred by her in an accident with you on May 26, 1979. Please contact your liability insuror and have them contact us immediately.

If we do not hear from you within the next five (5) days, we will assume you have no insurance and, as a result, will stand liable for the losses yourself.

If you have any questions, please contact me.

Very truly yours
HARRELL          AND
HARRELL
Billy R. Barron

Nee stated that he took this letter to his attorney, Jerry Maxwell. He stated that he understood that Maxwell contacted the insurance company, but he did not know for certain. Maxwell did not testify, and we must conclude that Nee's statement in this regard does not establish notice to Tennessee Farmers. Neither Nee nor Maxwell forwarded a copy of the letter to Tennessee Farmers; however, Nee testified that the two of them discussed the issue of whether Nee's farm policy protected him under the circumstances of the case. Maxwell did write attorney Barron a letter to the effect that Nee denied liability for the damages claimed by McCaig. It is interesting to note that Nee denied receiving the above quoted letter, but did finally admit that he received a short note from Barron which conveyed the same information as did the letter. Barron testified positively that the above quoted letter was the only letter that he wrote Nee concerning this matter.

After the tort lawsuit was filed, Nee contacted his attorney Maxwell who was at that time associated with attorney Dan McBeth in the practice of law at Dyer, Tennessee. McBeth testified that after receiving the tort complaint either he or Maxwell called Tennessee Farmers agent at Trenton and talked with a Mrs. McBeth, the wife of attorney McBeth, who worked in that office. He stated that Mrs. McBeth gave them the information that there was no farm policy issued by that agency to Nee. Mrs. McBeth testified that she did not remember the telephone conversation, but had they called the only information she could have given them was whether or not that agency had issued the farm policy. She stated that she worked solely on automobile coverage and that she could not advise clients as to the coverage afforded under an existing farm policy. Nee now attempts to say that this information from Mrs. McBeth misled him to think he did not have coverage for this accident. We note that the evidence preponderates in favor of

the fact that if the telephone call was made to Mrs. McBeth, she would not have answered as to coverage under the farm policy, but would only have stated whether such a policy was issued through that agency. It also appears that if she told them anything it was that the policy did not exist. Nee knew better than that because he had the policy as issued by that agency. The totality of the evidence on that point raises a serious question as to whether the telephone call was made to Mrs. McBeth. But, assuming it was made, we note that it was made one year after the accident and eight months after the letter from attorney Barron to Nee advising him of the claim of McCaig, and after McCaig had filed a lawsuit against Nee.

■ It is established that notice provisions of an insurance policy are valid conditions precedent to coverage, and in the absence of notice as required no coverage is afforded even though (1) the policy does not contain a forfeiture claim, and (2) the insurer had not been prejudiced by the delay in notice. *Phoenix Cotton Oil Co. v. Royal Indemnity Co.,* 140 Tenn. (13 Thomp.) 438, 205 S.W. 128 (1918); *Osborne v. Hartford Accident and Indemnity Co. of North America,* 63 Tenn.App. 518, 476 S.W.2d 256 (Tenn.App.M.S.1971), *cert. denied, id.* (Tenn. 1972); *Barfield v. Insurance Co. of North America,* 59 Tenn.App. 631, 443 S.W.2d 482 (Tenn.App.M.S.1968), *cert. denied, id.* (Tenn. 1969).

Where, as here, the policy requires notice of an accident or occurrence "as soon as practicable," the meaning of those words, as applied to the particular factual situation existing, must govern. In *Reliance Insurance Co. v. Athena Cablevision Corp.,* 560 S.W.2d 617 (Tenn.1977) the court stated that the requirement of notice "as soon as practicable" imposes a duty on the insured to give notice "when he becomes, or should become, aware of facts which would suggest to a reasonably prudent person that the event for which coverage is sought might reasonably be expected to produce a claim against the insuror." See also *Trans-*

*american Insurance Co. v. Parrott,* 531 S.W.2d 306 (Tenn.App.1975), *cert. denied, id.* (Tenn.1975).

■ We hold that, under the facts, a reasonably prudent person would have become aware that the event under consideration might reasonably be expected to produce a claim against his insurer, wherein: (1) three people were removed from the scene by ambulance, (2) the highway patrolman, at the scene and later, inspected Nee's tractor and sprayer for damages which would indicate a claim that the vehicles collided, (3) Nee volunteered to an adjuster from another insurance company to inspect the rig for damages, and (3) the letter to Nee from attorney Barron which stated that McCaig had a claim growing out of the accident, and advised him that McCaig looked to him for damages. In the face of all this, Nee claims that he had no reason to suspect that he had been involved in an accident or occurrence out of which he might be liable until he was served with a copy of McCaig's complaint against him.

We hold that the evidence preponderates against the findings of the trial judge, and his judgment is reversed. The plaintiff Tennessee Farmers is under no duty to defend the lawsuit styled *Lennie Alice McCaig vs. Jerry D. Nee,* No. 6181, in the Circuit Court for Gibson County, Tennessee, at Trenton, and Tennessee Farmers is not liable for any amount that might be recovered in that lawsuit against its insured Jerry D. Nee.

This lawsuit is remanded to the trial court for the collection of cost and the entry of any necessary order, not inconsistent with this Opinion, to terminate this litigation. The costs in this cause, in the trial court and in this court, are adjudged against the defendant Jerry Nee for which execution may issue, if necessary.

SUMMERS and NEARN, JJ., concur.