BRUMIT *v.* MUTUAL LIFE INS. CO. OF NEW YORK.

(*Knoxville*, December Term, 1941.)

Opinion filed November 29, 1941.

Don Gray and Miller, Miller & Martin, all of Johnson City, for plaintiff in error.

Simmonds & Bowman, of Johnson City, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

On this appeal two suits on two policies of insurance come before us. Both suits were dismissed on demurrer by the trial judge and the plaintiff has appealed. The cases have been consolidated for hearing.

The two policies were written on the life of plaintiff by defendant company and each contained the rather common provision for payment of benefits and waiver of premiums on certain conditions, in the event of insured becoming totally and permanently disabled before reaching the age of sixty years.

Contracts of insurance containing similar obligations and conditions respecting benefits for total permanent disability have been before this court and other courts frequently of late years. A question often arising in the earlier cases as here, is, such disability having accrued before the insured was sixty, whether proof of same was also to be furnished the insurer before the insured reached the age of sixty in order to justify claim for the benefits. The decisions on this question are not altogether harmonious. We do not find it necessary in the case before us to go into the question or set out the particular policy provisions.

One ground of the demurrer was that the insured waited such an unreasonable time to furnish or even to offer proofs of claimed disability prior to sixty he can not now recover the benefits provided for same. We think this ground of demurrer was good.

Policies filed with the record show that the plaintiff was born on February 2, 1876. Accordingly he became sixty years of age February 2, 1936. The declaration sets out as a consequence of medical examinations he was advised on February 5, 1936, that he was suffering from disabilities which would permanently and totally disable him from performing any work for compensation. That

he was stricken with these disabilities during the fall of 1935. That within thirty days after February 5, 1936, he went to the general agent and district manager of defendant company maintaining an office in Johnson City and advised such agent and manager as to his condition. That the agent and manager told plaintiff that the latter had lost his rights under the policy because he had failed to furnish proof of disability before he reached the age of sixty years and that the company could not for this reason recognize his claim.

The declaration further averred that the agent and manager was a friend of the plaintiff in whom the plaintiff had much confidence and that as result of this interview the plaintiff was mislead as to his rights and took no steps to assert his rights until sometime later, after he had consulted with an attorney. This consultation with the attorney was had, according to the declaration, in November, 1940. The suits herein were brought January 16, 1941.

█ █ It is thus seen that the plaintiff delayed nearly five years after he obtained knowledge of his condition before bringing these suits and appears to have made no effort to furnish proofs of loss until November 22, 1940, four years and some nine months after he was fully advised. We think under the authorities this delay was unreasonable and precludes recovery by plaintiff of the benefits claimed. This, regardless of any limits in the policies as to the time during which proofs of loss may be made. The rule in this State is that in the absence of a policy provision regulating the matter, proofs of loss must be filed within a reasonable time. *Prudential Insurance Co. v. Falls,* 169 Tenn., 324, 87 S. W. (2d), 567; *Smithart v. John Hancock Mutual Life Ins. Co.,* 167 Tenn., 513, 71 S. W. (2d), 1059.

■ In *Metropolitan Life Ins. Co.* v. *Walton,* 19 Tenn. App., 59, 83 S. W. (2d), 274, 278, in an opinion approved by this Court, the Court of Appeals held that a delay of almost four years to give the insurance company proofs of total and permanent disability was fatal to recovery. The Court said:

"What is a reasonable time is ordinarily a question for the jury. 7 Cooley's Briefs on Insurance, 5915, 5916; *Metropolitan Casualty Insurance Co.* v. *Johnston* [3 Cir.], 247 F., 65, 7 A. L. R., 175. But there must come a point where the matter becomes one for the decision of the court, where a delay, by reason of its duration and lack of attendant excusing circumstances, is clearly unreasonable, it is the duty of the court so to declare. 7 Cooley's Briefs on Insurance (2 Ed.), 5916; 14 R. C. L., 1329."

To like effect see *Mary Warner* v. *Modern Woodmen,* 124 Wash., 252, 214 P., 161, 34 A. L. R., 87, and *Malloy* v. *Head,* 90 N. H., 58, 4 A. (2d), 875, 123 A. L. R., 941.

■ The interview with the agent and manager relied on by the plaintiff as an excuse for this delay is, in our opinion, altogether ineffective for such purpose. The statement of the manager that the company would refuse payment because proofs were not furnished before the plaintiff reached the age of sixty years could not be treated as a waiver of the right of the company to rely on the defense of unreasonable delay. The defense of unreasonable delay had not arisen at that time. Moreover a provision of the policies negatives any authority on the part of the agent and manager to bind the company by such a statement.

■ ■ No estoppel against the company, even were his authority admitted, could be based on the statement of the agent and manager that plaintiff's failure to furnish proofs of loss before reaching the age of sixty pre-

vented his recovery. This is so because such statement was merely an expression of the agent's opinion as to a question of law. An estoppel *in pais* must rest on a statement of fact, not on a statement of law. *Murrell* v. *Watson,* 2 Shannon Cas., 244; 1 Cooper's Chy., 342; *Taylor* v. *Nashville, etc., R. Co.,* 86 Tenn., 228, 6 S. W., 393. Even a statement under oath as to a matter of law will work no estoppel against the party making it. *Tate* v. *Tate,* 126 Tenn., 169, 148 S. W., 1042.

For the reasons stated and without going into the other questions raised, we think the judgment below must be affirmed.