**Edward M. RYAN, Jr., Appellant,**

v.

**LUMBERMEN'S MUTUAL CASUALTY COMPANY, Appellee.**

Supreme Court of Tennessee.

Oct. 2, 1972.

Wendal D. Jackson, Slaughter & Jackson, Bristol, for appellant.

J. Paul Coleman, Simmonds, Herndon, Johnson & Coleman, Johnson City, for appellee.

OPINION

ERBY L. JENKINS, Special Justice.

This is a workmen's compensation case. The plaintiff, Edward M. Ryan, Jr., brought

suit after the one year Statute of Limitations had run, alleging that the defendant was estopped from denying the claim. The defendant filed a motion to dismiss; the Chancellor sustained the motion, and the plaintiff has appealed.

The question for the Court to decide is whether or not under the facts the defendant is estopped from asserting the Statute of Limitations as a defense.

For the purpose of this appeal it may be conceded that on February 25, 1970, the plaintiff was seriously injured in an automobile accident arising out of and in the course of his employment with Radio Station WFHG, the defendant's insured. The accident occurred in Tennessee, where the plaintiff resided, and where he regularly performed part of his duties as a newscaster. Radio Station WFHG is located in Bristol, Virginia, where the contract of hire between the plaintiff and the station was made.

About six weeks after the accident, the plaintiff was contacted by the defendant's claims adjuster who informed him that his claim for workmen's compensation would be paid, but that there was a question as to whether payment would be made under the laws of Virginia or Tennessee.

Some six months following the accident, however, the plaintiff received the following letter from Mr. J. L. Logan, the area claims manager for the defendant.

"September 3, 1970

Mr. Edward M. Ryan, Jr.,
Route 1,
Bluff City, Tennessee

Dear Mr. Ryan:

We have now reached a decision regarding your workmen's compensation claim. After carefully considering all the facts and the pertinent law, it is our conclusion that your claim would not be compensable under the Workmen's Compensation Law of Tennessee or Virginia.

Since we are unable to accept liability in this case, we are returning to you the medical bills previously submitted.

Yours very truly,

LUMBERMENS MUTUAL CASUALTY COMPANY

/s/ J. L. Logan
Branch Office Claim Manager."

Upon the request of the plaintiff's wife, another letter dated November 11, 1970, was sent by Mr. Logan to the plaintiff.

"November 11, 1970

Mr. Edward M. Ryan, Jr.,
1402 Charles Drive
Knoxville, Tennessee 37918

Re: File 503–C–6794–X
    D/A 2–25–70

Dear Mr. Ryan:

This will supplement my letter of September 3 in which your workmen's compensation was denied.

One question involved in your claim is whether you were in the course of your employment at the time of the automobile accident.

Another question concerns jurisdiction and involves conflicting laws of Virginia and Tennessee. You were a Tennessee resident injured in a Tennessee accident while allegedly in the course of employment for a Virginia employer with the contract of employment being made in Virginia. The Workmen's Compensation Law of Virginia does not cover out of state accidents unless the employee resides in Virginia, therefore the Industrial Commission of Virginia declined to accept jurisdiction.

Tennessee would not accept jurisdiction unless the employment contract was made in Tennessee which unfortunately leaves

you in a legal vacuum between the two states.

Yours very truly,

LUMBERMENS MUTUAL CASUALTY CO.

/s/ J. L. Logan

Branch Office Claim Manager."

On August 9, 1971, the plaintiff instituted this action for workmen's compensation benefits. By his complaint the plaintiff admitted that more than one year had passed since the date of his accident, but contended that the defendant was

"estopped from pleading or setting up the statute of limitations as a bar in this case by virtue of the fact that defendant through its agents and employees perpetrated fraud upon the plaintiff and so materially misled him and gratuitously misadvised him as to the law that he was thereby induced not to file a claim or to take other legal action to toll the running of the statute of limitations."

The defendant filed a motion to dismiss the action, relying on the statute of limitations. By stipulation of the parties, the Chancellor heard evidence bearing on the question of estoppel, and then rendered his judgment sustaining the motion to dismiss.

■ The only substantial question raised on this appeal is whether the representation made by Mr. Logan that "Tennessee would not accept jurisdiction" of the plaintiff's case is sufficient to form the basis of an equitable estoppel. It is entirely clear that any representation that the plaintiff's claim would be paid made prior to the letter of September 3, 1970, could have no such effect, because at that time the plaintiff knew that the defendant was denying liability, and almost six months remained within which his action might have been brought. We also need not consider the

effect, if any, of Mr. Logan's statement concerning the Virginia Workmen's Compensation Law and the action of its Industrial Commission, because there is nothing in the record to show that it is false.

It is probably impossible to frame a rigid definition of the doctrine of equitable estoppel because "It is constantly growing, and is applied to new conditions as they arise. It rests upon the necessity of requiring men to deal honestly and fairly with their fellow men." Saylor v. Trotter, 148 Tenn. 359, 367, 255 S.W. 590, 593 (1928). Nevertheless, the general elements of an equitable estoppel have been stated, and a fair example of such a statement is that found in 31 C.J.S. Estoppel § 67 at 402:

"In order to constitute an equitable estoppel, estoppel by conduct, or estoppel in pais there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice."

Other statements, substantially similar, of the elements of equitable estoppel may be found in Provident Washington Insurance Co. v. Reese, 213 Tenn. 355, 373 S.W.2d 613 (1963); Lawrence County v. White, 200 Tenn. 1, 388 S.W.2d 735 (1956); Taylor v. Nashville & C. Railroad Co., 86 Tenn. 228, 6 S.W. 393 (1888).

■ The crucial element so far as this case is concerned is the necessity that the party claiming the estoppel must have justifiably relied on a misrepresentation or concealment of a material fact. A refinement of this requirement is that ordinarily mis-

representations of law, being nothing more than opinions of the person making them, cannot be the basis of an equitable estoppel. Brumit v. Mutual Life Insurance Company of New York, 178 Tenn. 48, 156 S.W.2d 377 (1942); 31 C.J.S. Estoppel § 79.

The statement by Mr. Logan upon which estoppel must be based in this case is of course nothing more than such an opinion of the law.

■ Given the foundation of the doctrine of equitable estoppel on broad principles of honesty and fair dealing, it may well be, as the plaintiff insists, that whether misrepresentations of law may be the basis of an equitable estoppel depends on "who made them and the circumstances in which they were made." Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). It must be said, however, that the circumstances of this case are not such to move a court to invoke the doctrine of estoppel.

In the first place, there is no showing that the statement was made with the intention that the plaintiff should act on it by forbearing to sue until the statute of limitations expired. Mr. Logan, acting on the defendant's behalf, in the first place simply denied the claim, and in the second, acting on the plaintiff's request, elaborated on his reasons for the denial. As the Chancellor remarked in his memorandum opinion this all but told the plaintiff "if you want anything you'd better go to court and get it."

The plaintiff in this regard makes much of a "blind P.S." which appeared on a copy of the letter of November 11, 1970, and which was introduced at the trial. This reads:

"Claimant has moved from Bristol to Knoxville where he is employed by WATE–TV. Blue-Cross and Blue-Shield paid certain benefits, but the automobile medical payments carrier declined payment because of the workmen's compensation exclusion. Claimant requested this letter apparently to give his automobile carrier for reconsideration of his medical payments claim.

"I learned from claimant that our insured continued his regular salary so the insured has a financial stake in the compensation claim and may encourage claimant to pursue it in court. If it were not for this factor, the claim might die a natural death but under the circumstances I think we should keep the file open until one year following the accident as the statute of limitations will expire on February 25, 1971, unless suit is filed by that time."

We agree with the Chancellor that this is no indication of improper conduct.

Secondly, it must be pointed out that while the law is now clear that under the circumstances involved in this case a workmen's compensation action may be brought in Tennessee, the question at the time Mr. Logan's statement was made was, to say the least, in doubt. In fact, the case which definitely established the right to maintain such a suit was tried by the same two lawyers involved in this case, and was in the appellate process when the letter of November 11 was sent. Mr. Logan's letter was written after he had been advised by his attorney of the decision of the lower court, which had denied the right to sue in such a case unless the employment contract was made in Tennessee.

Finally, it must be pointed out that there was no special relationship between the plaintiff and Mr. Logan which might call for any special application of the equitable doctrine which we are discussing. Certainly there was no confidential relationship. It is true that Mr. Logan was a non-practicing attorney, and that misrepresentations of law have been held to constitute the basis of an estoppel when the party making them is skilled in the law and the party to

whom they are made is not. Waugh v. Lennard, 69 Ariz. 214, 211 P.2d 806 (1949). But there is nothing in this case to show that the plaintiff had any knowledge that Mr. Logan was a lawyer, or any other special reason to rely on his legal skill.

In short, while it is unfortunate that the plaintiff did not file his action within the time required by law, there is simply no conduct shown on the part of the defendant which would justify invoking the doctrine of equitable estoppel to prevent its reliance on the statute of limitations.

DYER, C. J., and CHATTIN and McCANLESS, JJ., concur.

CRESON, J., not participating.