Cynthia G. LEE, Plaintiff-Appellee,

v.

Steve W. LEE and Jeff Beeler and United States Fidelity and Guaranty Company, Defendants-Appellants.

Supreme Court of Tennessee,
at Knoxville.

June 29, 1987.

Joe Guess, Knoxville, for plaintiff-appellee.

Douglas L. Dutton, Julia S. Howard, Knoxville, for defendants-appellants.

## OPINION

BROCK, Chief Justice.

The issue in this case is whether the plaintiff, Cynthia G. Lee, complied with the notice provisions of an insurance policy affording uninsured motorist coverage on her husband's automobile. The trial court held that the plaintiff had not complied with the provisions and that there was no coverage. The Court of Appeals reversed.

On July 17, 1981, the plaintiff was a passenger in an automobile owned and driven by her brother-in-law, defendant Steve W. Lee, when that vehicle was "run off" the road by a second automobile, driven by defendant Jeff Beeler. As a result of this accident plaintiff suffered multiple injuries. On May 25, 1982, plaintiff consulted an attorney, who, that same day, notified United States Fidelity and Guaranty Company (USF & G), the liability and uninsured motorist insurance carrier for the automobile belonging to plaintiff's husband, that a claim was being made under the provisions of that policy.

From the record it appears that both Steve Lee and Jeff Beeler were uninsured

motorists. USF & G denied coverage to the plaintiff under the terms of the policy. It relied upon the breach of the following clause:

DUTIES AFTER AN ACCIDENT OR LOSS. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

At this point it should be noted that the insurance policy involved has never been made a part of the record. For this reason, this Court, like the Court of Appeals, has made certain assumptions, which also seem to have been made by the parties, regarding the terms of the contract of insurance. These assumptions include: that the plaintiff was a named insured or additional insured under her husband's policy, that the policy expressly provides that notice of the accident is a condition precedent to any action on the policy, and that the notice provision is applicable to both the liability and uninsured motorist provisions of the policy.

■ We have found no Tennessee case law construing or defining the phrase "notified promptly" as used in the policy provision under consideration. Cases, however, have construed the phrases "as soon as practicable" and "immediate notice" as requiring notice within a reasonable time under the circumstances of the case. *See, e.g., Reliance Insurance Co. v. Athena Cablevision Corp.,* 560 S.W.2d 617, 618 (Tenn.1977); *Transamerica Insurance Co. v. Parrott,* 531 S.W.2d 306 (Tenn.App. 1975); *Butler v. Eureka Security Fire & Marine Insurance Co.,* 21 Tenn.App. 97, 105 S.W.2d 523, 525–26 (1937); *Foreman v. Union Indemnity Co.,* 12 Tenn.App. 89, 98 (1928). The phrase "as soon as practicable" has been further defined as imposing a duty on an insured to give notice when he becomes, or should become aware of, facts which would suggest to a reasonably prudent person that the event for which coverage is sought might reasonably be expected to produce a claim against the insurer. *Reliance Insurance Co. v. Athena Cablevision Corp., supra,* 560 S.W.2d at 618; *Griffith Motors, Inc. v. Compass Insur-*

*ance Co.,* 676 S.W.2d 555, 558 (Tenn.App. 1983). A similar construction has been given by courts of other jurisdictions to the phrase "notified promptly." *See, e.g., Kravat v. Indemnity Insurance Co. of North America,* 152 F.2d 336, 338 (6th Cir.1945). We also construe this phrase as used in this context in the same manner as "immediate notice" or notice given "as soon as practicable."

■ Under circumstances similar to those in this case it is also a general rule that in order for ignorance of coverage to excuse an insured or additional insured from following the procedures set out in an insurance policy, it must be shown that the claimant exercised due diligence and reasonable care in ascertaining that there was coverage under the policy. *See, e.g., INA Insurance Co. v. City of Chicago,* 62 Ill. App.3d 80, 19 Ill.Dec. 519, 521–522, 379 N.E.2d 34, 36–37 (1978); *State Farm Mutual Automobile Insurance Co. v. Hearn,* 242 Md. 575, 219 A.2d 820, 825 (1966); *Mountainair Municipal Schools v. United States Fidelity & Guaranty Co.,* 80 N.M. 761, 461 P.2d 410, 412 (1969); *see also* Annot., 18 A.L.R.2d 443, § 23 (1951 & Supp.); *cf. Hartford Accident & Indemnity Co. v. Creasy,* 530 S.W.2d 778, 781 (Tenn.1975) (stating that additional insured is charged with the duty to exercise reasonable care and diligence in obtaining knowledge of policy and its provisions). Where the facts and inferences are undisputed that notice was not given within the time required by the policy, the reasonableness of the delay becomes a question of law for the court. *Fisher v. Mutual of Omaha Insurance Co.,* 503 S.W.2d 191, 193 (Tenn. 1973).

With these general principles in mind, we now examine the facts of this case concerning this issue. These facts are undisputed, the only testimony on this issue being basically that of the plaintiff, Cynthia G. Lee.

When the plaintiff was released from the hospital, she and her husband stayed at the home of her husband's mother for four or five weeks. During this time, defendant Steve Lee lived in a basement apartment in the same house. Plaintiff testified that she asked her brother-in-law several times if he was going "to take care" of her medical

bills and that he assured her that he would. Plaintiff's husband also talked with defendant and was told that the bills would "be taken care of." When asked about insurance, defendant was evasive and never stated that he had insurance but "just made it sound like" he did. Both plaintiff and her husband therefore assumed that defendant was insured but did not want to report the accident to his insurer. Plaintiff admitted, however, that she knew that it was important to determine whether her brother-in-law had insurance. Finally, growing "tired of" the defendant's evasiveness, plaintiff consulted an attorney.

There is no testimony in the record that the plaintiff made any effort to determine whether the second driver, Jeff Beeler, had insurance. Plaintiff explained that she did not even know Beeler or his address although the record reveals that her acquaintance Sherry Beeler, whom she had been visiting immediately before the accident, knew Beeler, who had been at the house where plaintiff was visiting Sherry Beeler at the same time that the plaintiff was there. Plaintiff also claimed not to know who the second driver was at the time of the accident but admitted that she had learned his identity a few days after the accident while she was in the hospital.

When the plaintiff finally consulted a lawyer on May 25, 1982, he inquired if she or her husband had any insurance. The plaintiff furnished him with a copy of the policy on her husband's car, which provided coverage for her under the circumstances of this accident under its uninsured motorist provisions. It was at that point that her attorney gave USF & G its first notice of the accident.

At trial plaintiff admitted that she knew at the time of the accident that she and her husband had insurance with USF & G that provided coverage if she was hit by an uninsured motorist in "your car." She admitted that she knew of the notice requirements of the policy. At the same time she claimed she did not know whether the other parties had insurance but believed that everyone had to carry insurance. It was not determined definitely until after the action was filed that both drivers were uninsured.

When the court asked the plaintiff why, since she had admitted she knew she had a policy, she did not report it to her own insurance company for ten months, the plaintiff replied, "Because I figured he would take care of it, that he did have insurance and he was going to take care of it. He's family but I guess your family messes you up more than anybody."

Plaintiff argues that she was under no obligation to notify USF & G until she ascertained that Lee and Beeler were uninsured. Under the undisputed facts of this case, however, there is no doubt that an ordinarily and reasonably prudent person would have known that the event might reasonably be expected to produce a claim against the insurer, i.e., that it might reasonably be expected that neither Lee nor Beeler was insured. Likewise, any contention that the plaintiff's ignorance of policy provisions affording coverage for injuries she sustained while riding in someone else's car is no excuse as a matter of law under the circumstances of this case for failing to comply with the notice provisions of the policy. *See, e.g., Hartford Accident & Indemnity Co. v. Creasy, supra,* 530 S.W.2d at 779; *Fisher v. Mutual of Omaha Insurance Co., supra,* 503 S.W.2d at 194; *Kellum v. Pacific National Fire Insurance Co.,* 360 S.W.2d 538, 542 (Tex.App.1962). Under the facts revealed in this record the plaintiff, who knew of the existence of the policy, acted with neither reasonable care nor due diligence and has failed to comply with the policy's requirements that prompt notice must be given of the accident. The trial court therefore properly held that there was no coverage under the policy.

For the foregoing reasons the decision of the Court of Appeals is reversed and that of the trial court is affirmed. Costs are adjudged against the appellee.

FONES, COOPER, HARBISON and DROWOTA, JJ., concur.