**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Earline FITZGERALD, Ind. and d/b/a Nails by Fitzgerald, Brian Kendall Blevins, a minor, Florence G. Blevins, Ind. and as Next Friend of Brian Kendall Blevins, a minor, and Gregory L. Nolan, Defendants.**

No. 88–2672 HA.

United States District Court,
W.D. Tennessee, W.D.

Aug. 30, 1990.

John D. Richardson, Memphis, Tenn., for plaintiff.

Kenny W. Armstrong, Memphis, Tenn., for defendants Brian Kendall Blevins and Florence G. Blevins.

Benjamin Head, Memphis, Tenn., for Earline Fitzgerald.

Carlton Barnes, Memphis, Tenn., for Gregory Nolan.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

HORTON, Chief Judge.

This lawsuit by Allstate Insurance Company seeks summary judgment on its declaratory judgment lawsuit determining whether Allstate had a duty to indemnify or defend an insured against claims arising out of an accident which resulted in serious injury to a two year old child. Based upon a comprehensive review of the entire record and the law, the Court grants plaintiff's motion for summary judgment.

Allstate issued its insurance policy, Number 49 522 271, to Earline B. Fitzgerald, d/b/a Nails by Fitzgerald, a shop offering manicures and pedicures. The policy was effective from June 20, 1984, to June 20, 1986.

On August 25, 1985, Brian Kendall Blevins, a child age two, entered the shop accompanied by his grandmother, Mrs. Idella Gray. Mrs. Fitzgerald, owner of the shop, was also present. While in the shop, the child found a cup of liquid, possibly a strong floor cleaner, and drank it. He suffered very serious injuries including burns to his esophagus. His injuries re-

quired extensive medical care. The liquid had been left in the shop by Gregory Nolan who was employed by Mrs. Fitzgerald to clean her shop.

Allstate was notified of the accident and injuries to the child on January 21, 1988, approximately two and one half years after the accident. Following notification, Allstate obtained a Non–Waiver Agreement from Mrs. Fitzgerald, dated January 29, 1988, for purposes of, among other things, investigating the claims.

Allstate filed its complaint in this Court for declaratory judgment on September 6, 1988, claiming an actual controversy exists as to whether there is coverage for its insured, Mrs. Fitzgerald, and other defendants, under the terms of the policy. It is the contention of Allstate that its insured, Mrs. Fitzgerald, and Mr. Nolan, an additional insured, breached a condition precedent to the coverage by failing to promptly notify Allstate of the accident and serious injury to the child. By reason thereof, Allstate claims no coverage under the policy is afforded any of the defendants in the lawsuit.

Mr. Nolan admitted he left the cleaning fluid on a table in the shop but denied that he had any knowledge of the existence of the policy until the complaint in this lawsuit was served on him. It is his contention that lack of knowledge constitutes excusable neglect under Tennessee law.

Mrs. Fitzgerald, the named insured, admits there is a question of coverage but denies the claim by Allstate that there is no coverage under the insurance policy. It is her contention that because Allstate actually paid benefits under the policy—that fact acts as a waiver of any defect in reporting the accident and resulting injuries required by the terms of the insurance policy.

Allstate moved for summary judgment on May 15, 1989. It is the contention of Allstate that defendants' failure to give notice of the accident which occurred on August 25, 1985, until January 21, 1988, breached a condition precedent to coverage under the liability provisions of the policy. For that reason, Allstate claims it is enti-

tled to summary judgment on its declaratory judgment complaint.

The Court concludes, based upon the entire record, the motion by Allstate for summary judgment should be granted. Plaintiff asserts two grounds in support of its motion for summary judgment: 1) Mrs. Fitzgerald's unexcused failure to promptly notify Allstate of the accident comprised a breach of a condition precedent to coverage under the policy's liability provisions, thereby barring indemnification by the insurance company, and; 2) the non-waiver agreement protects Allstate from waiver and estoppel claims thereby rendering the $5,000 payment inconsequential to a decision of this case.

Gregory Nolan filed a response to plaintiff's summary judgment motion on June 5, 1989, asserting the existence of genuine issues of material fact. He claims he lacked knowledge about the existence of the Allstate insurance policy. Brian and Florence Blevins responded to Allstate's motion on June 6, 1989, alleging that Allstate waived its rights by paying a portion of the claim, thereby exceeding the non-waiver agreement, and is, for that reason, estopped to disclaim further liability under the insurance policy.

Plaintiff asserts that Tennessee law firmly considers the giving of notice of an accident a condition precedent to coverage under an insurance policy. See *Hartford Accident and Indemnity Co. v. Johnny Creasy,* 530 S.W.2d 778 (Tenn.1975).

■ The policy at issue explicitly obligates the insured person to promptly notify plaintiff or one of its agents of an incident and to provide all pertinent information regarding the same. (See p. 37 under the Business Liability Section of the insurance policy). Therefore, Mrs. Fitzgerald as the insured party is strictly bound by the notice requirements.

■ Tennessee cases have extensively upheld the insurer's right to deny coverage where there has not been prompt notification. See *Barfield v. Insurance Company of North America,* 59 Tenn.App. 631, 443 S.W.2d 482 (1969); *Transamerica Insur-*

*ance Company v. Parrott*, 531 S.W.2d 306 (Tenn.App.1975); and *Osborne v. Hartford Accident & Indemnity Company*, 63 Tenn.App. 518, 476 S.W.2d 256 (1972). These cases are examples of those verifying that the duty of the insured to give notice arises when he becomes, or should become, aware of facts which would suggest to a reasonably prudent person that the event for which coverage is sought might reasonably be expected to produce a claim against the insurer. The Court in *Transamerica Insurance Company v. Parrott*, Id. at p. 312, noted that although the phrase "as soon as practicable" is ambiguous, notice is required within a reasonable time under the totality of the circumstances.

▮ The general purpose of a notice provision is to make the insurer aware that a claim may be forthcoming and provide an adequate opportunity for investigation. See *Smithart v. John Hancock Mutual Life Ins. Co.*, 167 Tenn. 513, 71 S.W.2d 1059 (1934), referred to in *Couch on Insurance 2d*, §§ 49.8, 49.9 (1989). The Court in *Brumit v. Mutual Life Insurance Company*, 178 Tenn. 48, 156 S.W.2d 377 (1941), stated the issue of compliance with a notice provision is ordinarily a question of fact for the jury. When only one conclusion is evident and the facts are undisputed, compliance with a notice provision is a question of law.

▮ Where the facts and inferences are undisputed that notice was not given within the time provided by the policy or law, then the reasonableness of the delay becomes a question of law for the Court. *Fisher v. Mutual of Omaha Insurance Company*, 503 S.W.2d 191 (Tenn.1973).

▮ The facts comprising this lawsuit suggest that a reasonable person should have realized that a legitimate claim for injuries would be presented on behalf of the minor, Brian Blevins. Therefore, Mrs. Fitzgerald had reason to know or should have known her insurance company would possibly be required to defend or indemnify against this claim, thereby precipitating a need to notify Allstate. Ms. Delphine Maxey, an agent for Allstate, in her affidavit supports the Court's finding that Mrs. Fitzgerald should have notified Allstate of the accident. Ms. Maxey stated that Mrs. Fitzgerald maintained frequent contact with her, often utilizing the claims procedure after Brian's injury for other matters.

In *Hartford, supra*, 476 S.W.2d at p. 780, the Tennessee Supreme Court denied coverage, stating "the burden of offering an explanation or excuse for failure to give notice rests heavily upon the insured since he seeks relief from the plain terms of a contract of insurance." See also *Nationwide Mutual Insurance Company v. Shannon*, 701 S.W.2d 615 (Tenn.1985). In this case, Mrs. Fitzgerald failed to present adequate reasons for her failure to notify Allstate prior to two and one half years after the accident.

Mr. Nolan also failed to reasonably notify Allstate of the incident. Mr. Nolan claims that he had no knowledge of the existence of the Allstate insurance policy until after service of the complaint for declaratory judgment. It is urged that Mr. Nolan's lack of knowledge about the policy rendered him unable to provide prompt and timely notice.

▮ In order for ignorance to excuse an insured or additional insured from following the procedures set out in the insurance policy, it must be shown that the claimant exercised due diligence and reasonable care in ascertaining that there was coverage under the policy. An additional insured is charged with the duty to exercise reasonable care and diligence in obtaining knowledge of the policy and its provisions. Where the facts and inferences are undisputed that notice was not given within the time required by the policy, the reasonableness of the delay becomes a question of law for the Court. *Lee v. Lee*, 732 S.W.2d 275, 276 (Tenn.1987).

The Court is asked to consider whether Allstate waived any defenses existing under the policy's provisions or pertaining to the non-waiver agreement by making a $5,000 payment to Ms. Florence Blevins. Defendants requested the Court to regard the non-waiver agreement as ambiguous,

stating that the agreement's language did not sufficiently apprise the defendants of Allstate's position. Defendants claim the only acts included in the non-waiver were those pertaining to investigation and damages. Essentially, defendants allege that Allstate acted beyond the reservation of its non-waiver agreement by making the $5,000 payment.

■ Allstate claims the defendants cannot rely on estoppel and waiver arguments as they have not been prejudiced by any reliance on plaintiff's actions. The Court agrees.

The facts in this case are comparable, yet distinguishable, from those existing in *Transamerica Insurance Group v. Beem*, 652 F.2d 663 (C.A.Tenn.1981). The insurer in *Transamerica* assumed the defense of the action, retained an attorney, filed an answer and negotiated settlement possibilities. The facts of this case show that the insurer only intended to provide minimum monetary recovery while the investigation was ongoing without assuming liability.

The Tennessee Supreme Court in *Hardware Mutual Casualty Co. v. Higgason*, 175 Tenn. 357, 134 S.W.2d 169, 177 (1939) noted that a non-waiver agreement must be construed as a whole considering the circumstances surrounding its execution and the parties' intentions.

The language of the non-waiver agreement in this case provides:

> It is the intention of this agreement to provide for an investigation of the said accident or occurrence and a determination of damages resulting therefrom without in any way affecting, impairing or adding to the liability of the company under said policy ... *no* act heretofore or *hereafter* taken by the company hereunder shall be construed as an admission of its liability or coverage. Such action shall not waive any right the company may have to deny any obligation under the policy contract, and shall not waive any rights of the insured.

Despite the express declaration contained in the non-waiver agreement of the insured's intent to preserve all defenses under the policy, defendants urge the Court to rule that Allstate waived and should be estopped from asserting those defenses.

Tennessee cases have defined waiver as "a voluntary relinquishment by a party of a known right." *Baird v. Fidelity–Phenix Fire Insurance Company*, 178 Tenn. 653, 162 S.W.2d 384 (1942) quoted in *Chattem, Inc. v. Provident Life and Accident Insurance Co.*, 676 S.W.2d 953 (Tenn.1984).

*Chattem, Inc.*, illustrates the relinquishment principle. In that case the insurance company rejected a claim as not having been timely filed within the twelve months period required by the policy. However, the proof showed seven of the eleven claims filed, including two filed after three or more years, had been accepted by the insurance company. This fact plus administrative action constituted waiver. It is evident in this case that Allstate voluntarily, intentionally and purposefully retained instead of relinquished its known rights under the insurance policy.

■ Defendants also claim the insurance company should be estopped from using to its advantage the terms of the non-waiver agreement. Defendants claim the insurer possessed a superior ability to understand the terms of the agreement and failed to notify the insured of its intentions regarding subsequent payments. The Court disagrees. The insured is obligated to read or otherwise familiarize herself with the contents of a contract which she signs. See *DeFord v. National Life and Accident Ins. Co.*, 182 Tenn. 255, 185 S.W.2d 617 (1945). The terms of the non-waiver agreement are unambiguous, and specifically preserved the insurer's right to assert a defense such as timely notice against the insured and the additional insured.

The Court concludes summary judgment for Allstate is appropriate and the case should be dismissed because the insured and the additional insured failed to give prompt notice of the accident as required by the insurance policy, which is so Ordered this 29 day of August, 1990.