IN THE COURT OF APPEALS OF TENNESSEE

FILED

October 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DAVID ALCAZAR, | ) | C/A NO. 03A01-9707-CV-00285 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| CHRISTOPHER HAYES, | ) | APPEAL AS OF RIGHT FROM THE |
| | ) | BRADLEY COUNTY CIRCUIT COURT |
| Defendant, | ) | |
| | ) | |
| | ) | |
| and | ) | |
| | ) | |
| | ) | |
| GOVERNMENT EMPLOYEES | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Uninsured Motorist | ) | HONORABLE EARLE G. MURPHY, |
| Carrier-Appellee. | ) | JUDGE |

For Appellant

JIMMY W. BILBO
Logan, Thompson, Miller, Bilbo,
  Thompson & Fisher, P.C.
Cleveland, Tennessee

For Appellee

DONALD W. STRICKLAND
Grant, Konvalinka & Harrison, P.C.
Chattanooga, Tennessee

O P I N I O N

AFFIRMED AND REMANDED                                        Susano, J.

This appeal causes us to focus on the uninsured motorist provisions of an automobile insurance policy issued by Government Employees Insurance Company ("GEICO") to Deborah Wheatley, the mother of the plaintiff David Alcazar. When this action was commenced, process was issued and served on GEICO pursuant to the provisions of T.C.A. § 56-7-1201, *et seq.*, the Tennessee uninsured motorist statutes. The trial court granted GEICO's motion for summary judgment, finding that the plaintiff had failed to comply with the notice requirements of GEICO's policy. Plaintiff appealed, arguing, in his words, that the trial court "err[ed] in granting [GEICO's] motion for summary judgment, on the basis that timely notice was a condition precedent to recovery under the policy, absent a finding of unreasonable delay or prejudice to the insurer." We affirm.

The accident at issue in this case occurred in Bradley County on November 3, 1995. The plaintiff was riding "on the trunk of [the defendant Christopher Hayes'] car." He was riding there because Mr. Hayes had refused to let him ride inside the car.[1] Because of the alleged negligence of the defendant Hayes, the plaintiff "was flung from the trunk of the car onto White Road where he hit his head on the paved roadway." At the time of the accident, the plaintiff, who was then 18 years old, was living with and working for his mother on the farm owned by her and her husband. He was a high school graduate.

---

[1]This was because the plaintiff was dirty, having worked that day in the chicken houses on his mother's farm.

As a result of the accident, the plaintiff was transported to Erlanger Hospital in Chattanooga, where he was admitted to the intensive care unit of that facility. He remained in intensive care for three days. Thereafter, he was transferred to a room, where he stayed for one or two more days. When he was released from the hospital, he returned to his mother's house, where he remained until he moved out in January, 1996.

The plaintiff's answers to interrogatories reflect that he claims the following injuries from the accident:

> I have permanent brain damage, fractured
> skull, bruised brain two bilateral cerebral
> contusions, back strain, muscle spasms and
> neck pain. I also suffer from left wrist
> pain.

On October 28, 1996, the plaintiff and his mother first met with the attorneys who later filed this action. The complaint was filed on October 30, 1996. The only named defendant was Christopher Hayes. As previously indicated, Mrs. Wheatley's insurance company -- GEICO -- was brought into this action pursuant to the Tennessee uninsured motorist statutes.

The policy of insurance issued by GEICO to Mrs. Wheatley contains the following pertinent provisions in its uninsured motorist section:

1. NOTICE

3

> As soon as possible after an accident notice
> must be given us or our authorized agent
> stating:
>
>> (a)   the identity of the *insured*;
>>
>> (b)   the time, place and
>>       details of the accident;
>>       and
>>
>> (c)   the names and addresses
>>       of the injured, and of
>>       any witnesses.
>
> *     *     *
>
> 3.   ACTION AGAINST US
>
> Suit will not lie against us unless the
> *insured* or his legal representative have
> fully complied with all the policy terms.

(Italics in original).  The plaintiff was a named driver in Mrs. Wheatley's policy.  He was an "insured" under the policy.

Mrs. Wheatley testified by deposition that "around the same time" the lawsuit was filed, she spoke to a representative of GEICO and told that person that she "did not want to make a claim."  She also testified that she changed her mind when she later learned that her son had suffered a serious brain injury.

GEICO was served with process in this case on November 4, 1996.  By letter to Mrs. Wheatley dated November 12, 1996, with a copy to her attorneys, GEICO "acknowledge[d] receipt of an accident report dated November 6, 1996,[2] in regard to an auto accident in which, David Alcazar, was involved."  Apparently, the accident report was mailed to GEICO by Mrs. Wheatley or the

---

[2]It is unlikely the accident report was dated "November 6, 1996," since the accident occurred on November 3, 1995.  The date of November 6, 1996, may represent a "slip of the pen."

attorneys who filed this suit.  While the record does not clearly reflect the precise date on which GEICO received the accident report, it is clear that it was sometime around the time the lawsuit was filed on October 30, 1996.

When asked why the requisite notice was not given to GEICO at an earlier time, both the plaintiff and his mother testified that it was because the plaintiff was not driving.

An appellate court, when reviewing a grant of summary judgment, must decide anew if judgment in a summary fashion is appropriate.  *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991).  We must affirm the grant of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56.03, Tenn.R.Civ.P.[3]

"Insurance contracts are subject to the same rules of construction and enforcement as apply to contracts generally." *McKimm v. Bell*, 790 S.W.2d 526, 527 (Tenn. 1990); *see also* *Allstate Ins. Co. v. Wilson*, 856 S.W.2d 706, 708 (Tenn.App. 1992); *Whaley v. Underwood*, 922 S.W.2d 110, 112 (Tenn.App. 1995). Therefore, generally speaking, courts must enforce contracts as written, absent fraud or mistake.  *Id.*

---

[3]This principle is now found in Rule 56.04.  The change was effective after the hearing below.

In *Lee v. Lee*, 732 S.W.2d 275 (Tenn. 1987), the Supreme Court addressed notice provisions that are conceptually identical to the one at issue in this case. That court held that such provisions require "notice within a reasonable time under the circumstances of the case." *Id*. at 276. The Supreme Court further expounded on this notice requirement by stating that it

> ...impos[es] a duty on an insured to give notice when he becomes, or should become aware of, facts which would suggest to a reasonably prudent person that the event for which coverage is sought might reasonably be expected to produce a claim against the insurer.

*Id*. The *Lee* case also examines those situations where a claimant contends that he or she did not know, until shortly before giving notice, that a policy of insurance existed that provided uninsured motorist coverage, or did not know that the alleged tortfeasor was uninsured:

> ...it is...a general rule that in order for ignorance of coverage to excuse an insured or additional insured from following the procedures set out in an insurance policy, it must be shown that the claimant exercised due diligence and reasonable care in ascertaining that there was coverage under the policy.

*Id*. The Supreme Court in *Lee* also held that "[w]here the facts and inferences are undisputed that notice was not given within the time required by the policy, the reasonableness of the delay becomes a question of law for the court." *Id*.

6

The plaintiff admits that notice as required by the policy was not given to GEICO until some 12 months after the accident occurred. On its face, notice given 12 months after the fact is not prompt notice. Therefore, we must determine if the delay in giving notice in this case was reasonable "under the circumstances of [this] case." *Id*.

The plaintiff offers a number of reasons for his delay in giving GEICO the requisite notice. As previously indicated, he claims, as does his mother, that he did not give notice because he was unaware that the uninsured motorist coverage applied to him since he was not driving a vehicle at the time of the accident. This claimed lack of knowledge of coverage is not a legal justification for failing to give the requisite notice in this case because there is nothing in the record to indicate that the plaintiff "exercised due diligence and reasonable care in ascertaining that there was coverage under the policy." *Lee*, 732 S.W.2d at 276.

The plaintiff also argues that he suffered "permanent brain damage" in the accident and that this should excuse the delay in giving notice. The record before us does not disclose the nature and extent of the plaintiff's brain damage; nor does it reflect how, if at all, this damage affected the plaintiff's cognitive functions. We do know from the plaintiff's answers to interrogatories that he had worked and attended school since the accident. The plaintiff's "bare bones" statement that he suffered permanent brain damage is insufficient, standing alone,

7

to excuse his compliance with the notice provisions of the subject policy.

The facts supporting GEICO's motion make out its claim for relief. On the other hand, the facts presented by the plaintiff in opposition to GEICO's properly supported motion for summary judgment do not establish a legal basis for excusing the late notice in this case.

The type of notice at issue in this case has been labeled by the courts of this state as "a vital and indispensable condition precedent to recovery under the policy." *Hartford Accident and Indemnity Co. v. Creasy*, 530 S.W.2d 778, 779 (Tenn. 1975). "The general purpose of a notice provision is to make the insurer aware that a claim may be forthcoming and provide an adequate opportunity for investigation." *Allstate Insurance Co. v. Fitzgerald*, 743 F.Supp. 539, 542 (W.D. Tenn. 1990).

The plaintiff argues that his failure to give GEICO the requisite notice should not defeat coverage in this case because the insurance company failed to show that it was prejudiced by the late notice. It is true that there is no showing of actual prejudice in the record; but it is clear that controlling precedent does not require a showing of such prejudice. *Phoenix Cotton Oil Co. v. Royal Indemnity Co.*, 205 S.W. 128, 130 (Tenn. 1918); *Hartford Accident and Indemnity Co.*, 530 S.W.2d at 779 (Tenn. 1975) ("there need not be any showing of prejudice.")

8

The Eastern Section of the Court of Appeals has previously expressed its feeling that the plaintiff's "no prejudice" argument is "appealing," ***North River Ins. Co. v. Johnson***, 757 S.W.2d 334, 335-36 (Tenn.App. 1988) (Franks, J.); however, as we expressed in the ***North River Ins. Co.*** case, the arguments supporting the plaintiff's position on the question of prejudice "are based on public policy considerations, which are to be declared by the Supreme Court and the legislative branch." ***Id***. at 336. It is not our prerogative to overrule controlling Supreme Court precedent.

We have examined all of the Tennessee authority[4] cited by the plaintiff. We do not find that any of it supports the plaintiff's position in this case. His authority from other jurisdictions,[5] while supportive of his basic argument regarding prejudice, does not express the law of this State; in fact, they are all contrary to controlling Supreme Court precedent holding that an insurer does not have to show a lack of prejudice in a case such as the one before us.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant and his surety. This case is

---

[4]***Tennessee Farmers Mutual Insurance Co. v. Anderson***, 1989 WL 22698 (Tenn.App. 1989); ***Nationwide Mutual Insurance Co. v. Shannon***, 701 S.W.2d 615 (Tenn.App. 1985); ***White v. Tennessee Farmers Mutual Insurance Co.***, 1996 WL 219674 (Tenn.App. 1996); ***McKimm v. Bell***, 1988 WL 126835 (Tenn.App. 1988), affirmed by the Tennessee Supreme Court at 790 S.W.2d 526 (Tenn. 1990); ***Reliance Insurance Co. v. Athena Cablevision Corp***., 560 S.W.2d 617 (Tenn. 1977).

[5]***Canron, Inc. v. Federal Insurance Co.***, 82 Wash.App. 480, 918 P.2d 937 (1996); ***General Accident Ins. Co. v. Scott***, 107 Md.App. 603, 669 A.2d 773 (1996); ***Schroth v. New Mexico Self-Insurers Fund***, 113 N.M. 708, 832 P.2d 399 (1992); ***Weaver v. State Farm Mut. Auto. Ins. Co***., 936 S.W.2d 818 (Mo. 1997).

remanded to the trial court for the collection of costs assessed below, pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Herschel P. Franks, J.

_____
William H. Inman, Sr.J.