**ALLSTATE INSURANCE COMPANY,**
Plaintiff–Appellee,

v.

**Brian WILSON, a minor, Willie Cartwright, Jr., and Bobbie Delaney Foster, as next of kin of Darrin Delaney, deceased, and Loris R. Cartwright, Defendants–Appellants.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Dec. 21, 1992.

Application for Permission to Appeal
Denied by Supreme Court
May 3, 1993.

Robert M. Fargarson, David Gordon, Memphis, for plaintiff-appellee.

Patricia A. Odell, Memphis, for defendant-appellant, Brian Wilson.

Jack V. Delany, Memphis, for defendant-appellant, Bobbie Delaney Foster.

OPINION

CRAWFORD, Judge.

Plaintiff, Allstate Insurance Company, filed a declaratory judgment suit against defendants, Brian Wilson, a minor, Willie Cartwright, Jr., Bobbie Delaney Foster, as next of kins of Darrin Delaney, deceased, and Loris R. Cartwright, to determine its obligations under a homeowner's insurance policy.

The facts are undisputed. On May 23, 1988, there was in full force and effect a homeowner's insurance policy issued by Allstate to named insureds, Willie C. Cartwright and Loris Cartwright, as owners of 736 Lipford, Memphis, Tennessee. Willie Cartwright and Loris Cartwright are brother and sister. Loris Cartwright's fourteen year old son, Brian Wilson, resided in the home with them. On May 23, 1988, Darrin Delaney, age 15, was visiting Brian Wilson at his home at 736 Lipford. On that date, while on the front porch of the home, Brian Wilson negligently shot Darrin Delaney with a 38 caliber pistol owned by Willie Cartwright, Jr., and as a result of the gun shot wound Darrin Delaney died on July 27, 1988.

On October 20, 1988, the attorney representing Bobbie Delaney Foster, mother and next of kin of Darrin Delaney, sent a letter of representation to Loris Cartwright and Willie Cartwright. After receipt of the letter, on October 24, 1988, Loris Cartwright notified Allstate Insurance Company of the incident which occurred on May 23, 1988. This was the first and only notice given to Allstate of the occurrence.

On May 5, 1989, Bobbie Delaney Foster, as next of kin of Darrin Delaney, filed suit for the wrongful death of Darrin Delaney against Brian Wilson, Loris Cartwright and Willie Cartwright.

The insurance policy provides, as pertinent to the issues before us:

**Definitions Used In This Policy**

1. "You" or "your"—means the person named on the declarations page as the insured and that person's resident spouse.

2. "Allstate", "We", "Us" or "Our"— means the company named on the declarations page.

3. "Insured person"—means you and if a resident of your household:

a) any relative, and

b) any dependent person in your care.

\* \* \* \* \* \*

## SECTION II—FAMILY LIABILITY AND GUEST MEDICAL PROTECTION

Coverage X

Family Liability Protection.

Losses We Cover:

Allstate will pay all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy.

\* \* \* \* \* \*

### SECTION II Conditions

1. What You Must Do After an Accidental Loss

In the event of bodily injury or property damage, you must do the following things:

a) Promptly notify **us** or **our** agent, in writing, stating:

1) **your** name and policy number;

2) the date, the place and the circumstances of the loss;

3) the name and address of anyone who might have a claim against an **insured person**;

4) the names and addresses of any witnesses.

b) Promptly send us any legal papers relating to the accident.

c) At **our** request, an **insured person** will:

1) cooperate with **us** and assist **us** in any matter concerning a claim or suit;

2) help **us** enforce any right of recovery against any person or organization who may be liable to an **insured person**;

3) attend any hearing or trial.

\* \* \* \* \* \*

7. **Suit Against Us**

a) No suit or action can be brought against us unless there has been full compliance with all the terms of this policy.

\* \* \* \* \* \*

Allstate filed its complaint for declaratory judgment seeking a declaration that it has no obligation under its policy because of noncompliance with the policy's notice provision. After a nonjury trial on the stipulated facts, the trial court agreed with

Allstate's position and entered its order which states in pertinent part:

[T]he court hereby declares that the policy of insurance issued by Allstate Insurance Company to Loris R. Cartwright and Willie Cartwright, Jr. and designated policy number 030814269 does not provide any insurance coverage whatsoever to Loris R. Cartwright, Willie Cartwright, Jr., or Brian Wilson for the occurrence of May 23, 1988 on the premises of the insureds as a result of the failure of the named insureds to give prompt notice to Allstate Insurance Company as required by the policy, and Allstate Insurance Company should be, and is hereby relieved from the responsibility of pay for any damages which Bobbie Delaney Foster, as next of kins for Darrin Delaney, may be entitled to collect from Loris R. Cartwright, Willie Cartwright, Jr. or Brian Wilson as a result of such event and Allstate Insurance Company is further relieved from the duty of defending any actions against Loris R. Cartwright, Willie Cartwright, Jr. or Brian Wilson arising from the occurrence on May 23, 1988.

\* \* \* \* \* \*

Bobbie Delaney Foster and Brian Wilson have appealed from the declaratory judgment; the Cartwrights have not appealed. The only issue on appeal is whether the trial court erred in holding that there was no coverage afforded by the policy.

Neither appellant contends that the trial court erred in holding that no coverage is afforded to the Cartwrights. Both assert, however, that coverage is provided for defendant Brian Wilson. They first contend that Wilson is an additional insured and his coverage is severable from the coverage for the Cartwrights. They rely on the holding of the Middle Section of this Court in *Ryan v. MFA Mut. Ins. Co.*, 610 S.W.2d 428 (Tenn.App.1980). In *Ryan*, the insurance company issued its policy to husband and wife. After a fire in the dwelling, husband filed suit to recover the value of contents belonging to him. The co-insured wife was guilty of setting the house on fire and the policy provided the company would

not be liable for a loss occurring "while the hazard is increased by any means within the control or knowledge of the insured." The *Ryan* Court was called upon to construe the policy to determine whether the innocent husband was barred from recovery because of his wife's misconduct in setting fire to the house. The Court held that husband was entitled to recover because of the particular provisions of the insurance policy in question. The Court said:

We find that a reasonable person, reading the provisions in the policy at issue here which refer to fraud of "the insured," and neglect of "the insured," etc. would conclude that if *an* insured was guilty of fraud or neglect or increasing of hazard to property, then *he or she* may not recover under the policy. If the company wanted to assure its position, i.e. that misconduct of any insured would bar recovery by any other insured, it might have made it clear and unambiguous in the policy and it might have informed the prospective applicants for insurance of this position from the start. It did not do so in this case and it is bound by the language *it* unilaterally drafted into the "contract" of insurance between the parties. (Emphasis in original.)

610 S.W.2d at 437.

Appellants' reliance on *Ryan* is misplaced. *Ryan* involved the construction of the particular words of the contract before the Court. We have no quarrel with the construction that was made by the *Ryan* Court. However, we are called upon in this case to construe the particular contract before us which is decidedly different from the contract involved in *Ryan*.

Insurance contracts are subject to the same rules of construction and enforcement as applied to contracts generally. *McKimm v. Bell*, 790 S.W.2d 526 (Tenn. 1990). In the absence of fraud or mistake, a contract must be interpreted and enforced as written even though it contains terms which may be thought harsh and unjust. *Ballard v. North American Life & Casualty*, 667 S.W.2d 79 (Tenn.App.

1983). In construing contracts, the words expressing the parties' intention should be given the usual, natural and ordinary meaning. *Id.* The contract before us clearly and unambiguously provides that the named insured, in this case either of the Cartwrights, must "promptly" notify the insurance company of "the date, the place and circumstances of the loss" in addition to other information specified in the policy. The policy likewise is clear and explicit that no suit can be brought against the insurance company unless there has been full compliance with the terms of the policy.

Clearly the contract of insurance is between Allstate and the Cartwrights and by virtue of the terms thereof Wilson is provided benefits under the contract. Nevertheless, Wilson's benefits under the contract are subject to the terms and provisions of the contract under which he claims benefits.

In this case, the unfortunate accident occurred on May 23, 1988, and the insurance company was notified by Loris Cartwright on October 24, 1988. In 44 Am.Jur. 2d, Insurance, § 1330, it is provided:

> A requirement in a policy for "prompt" or "immediate notice" or that notice must be given "immediately" "at once", "forthwith", "as soon as practicable", or "as soon as possible" generally means that the notice must be given within a reasonable time under the circumstances of the case.

Notice provisions of an insurance policy are valid conditions precedent to coverage, and in the absence of notice as required no coverage is afforded even though the policy does not contain a forfeiture clause and the insurer has not been prejudiced by the delay in notice. *Tennessee Farmers Mut. Ins. Co. v. Nee*, 643 S.W.2d 673, 675 (Tenn.App.1982).

A duty to give notice does not arise until an ordinarily or reasonably prudent person would have known of the occurrence of the event and that the event might reasonably be expected to produce a claim against the insurer. *See Osborne v. Hart-*

*ford Accident & Indem. Co.*, 63 Tenn.App. 518, 476 S.W.2d 256 (1971); *see also Butler v. Eureka Sec. Fire & Marine Ins. Co.*, 21 Tenn.App. 97, 105 S.W.2d 523 (1937).

In this case, the Cartwrights had reasonable grounds to believe a claim would arise against them and against Brian Wilson. They gave no notice to the insurance company until approximately five months after the incident occurred.

Since this case was tried by the Court sitting without a jury, we review the case de novo upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm absent error of law. T.R.A.P. 13(d). We concur in the findings of the trial court.

Accordingly, the judgment of the trial court is affirmed and this case is remanded for such further proceedings as may be necessary. Costs of appeal are assessed against the appellants equally.

TOMLIN, P.J., (W.S.), and FARMER, J., concur.