## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON
_____

| | | |
|---|---|---|
| | ) | |
| **TRACY W. MOORE, Deceased, by** | ) | Henderson County Circuit Court |
| **Parent and Next of Kin, SHIRLEY** | ) | R. D. No. 95-142 |
| **MOORE; and SHIRLEY MOORE**, | ) | |
| **Individually**, | ) | |
| | ) | |
| Plaintiff/Appellant. | ) | |
| | ) | |
| VS. | ) | C. A. NO. 02A01-9609-CV-00277 |
| | ) | |
| **JAMES A. PRESCOTT, II,** | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | |

_____

From the Circuit Court of Henderson County at Lexington.
**Honorable Whit Lafon, Judge**


**George L. Morrison, III**,
Attorney for Plaintiff/Appellant.


**David W. Camp**,
WALDROP & HALL, P.A., Jackson, Tennessee
Attorney for Respondent/Appellee Haulers Insurance Company.


OPINION FILED:

**AFFIRMED AND REMANDED**


                                 **FARMER, J.**


**CRAWFORD, P.J.,W.S**:  (Concurs)
**HIGHERS, J.**:  (Concurs)

Plaintiff Shirley Moore, on her own behalf and on behalf of her deceased son, Tracy W. Moore, appeals the trial court's order granting the motion for summary judgment filed by Appellee Haulers Insurance Company, Moore's uninsured motorist carrier. In granting the motion, the trial court ruled that the automobile insurance policy issued by Haulers did not cover Moore's claim because Moore failed to give prompt notice of the claim to Haulers as required by the policy provisions. We affirm.

For purposes of Haulers' summary judgment motion, the following facts were undisputed. Moore applied for the automobile insurance policy in question in June 1993 through her family insurance agent, Kenneth Baker. Baker filled out the insurance application for Moore, and Moore signed the application. The application required Moore, in a section entitled DRIVER/HOUSEHOLD RESIDENTS, to list "all residents of household 14 years or older." The application, as completed by Baker and signed by Moore, listed only Moore in this section. This information was not correct because the decedent, Tracy Moore, was over the age of 14 and he lived in Moore's home at the time she applied for the policy. Although Tracy was not listed on the application, Moore informed Baker at the time of application that Tracy and some of her other children resided in her home. Moore explained that she did not want Tracy and her other children listed because she would not allow them to drive her car and she could not afford additional premiums for the children.

The policy subsequently issued by Haulers contained provisions for uninsured motorist coverage. As pertinent, these provisions afforded insurance coverage to Moore and any "family member." The policy defined "family member" as "a person related to [Moore] by blood, marriage or adoption who is a resident of [Moore's] household." Relative to Moore's duty to notify Haulers of an accident or loss, the policy provided that:

> We [Haulers] have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>
> A.   We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

On October 8, 1994, 21-year-old Tracy was fatally injured in a one-car accident. Tracy's friend, Defendant James A. Prescott, II, was driving the car. At the time of the accident, Tracy was still a resident of Moore's home. At the funeral home after Tracy's death, Moore learned from Prescott's father that Prescott was uninsured. Within a few weeks after the accident, Moore consulted some attorneys in Lexington, but they advised Moore that filing a lawsuit would be pointless because Prescott was uninsured and because Tracy was not listed as an additional insured on Moore's automobile insurance policy.

Sometime after January 1, 1995, Moore's insurance agent, Baker, learned that Tracy had been killed in a car accident. One of Tracy's brothers was in Baker's office paying a premium, and he showed Baker a newspaper clipping about Tracy's death. About four or five months after the accident, Moore was in Baker's office on some unrelated business. When Moore told Baker about Tracy's accident, Baker stated that he knew about the accident because he had read about it in the newspaper. During this conversation, Moore also informed Baker that the driver of the car, Prescott, was uninsured. Baker then made a telephone call on Moore's behalf to determine if Prescott's father could be held liable for the accident. Upon concluding the call, Baker told Moore that Prescott's father could not be held liable because Prescott was over 18 years of age.

In September 1995, Moore made one last attempt to consult an attorney about Tracy's accident. The attorney with whom Moore met this time agreed to represent Moore on her claim for Tracy's death. On September 28, 1995, Moore's new attorney notified Baker that Moore would be filing a claim under the uninsured motorist provisions of Moore's policy with Haulers.

In October 1995, Moore filed this lawsuit against Prescott. Haulers, as Moore's uninsured motorist carrier, was served with a copy of the complaint. In its answer, Haulers raised as defenses, *inter alia*, (1) that Moore failed to give prompt notice of the claim for Tracy's death as required by the provisions of Moore's insurance policy and (2) that Moore made a material misrepresentation on her application for insurance by failing to identify Tracy as an individual over the age of 14 residing in Moore's home. Based on these defenses, Haulers subsequently moved for summary judgment on the issue of coverage. By consent order, the parties agreed to sever the coverage issue from the remaining issues in the lawsuit.

In granting Haulers' motion for summary judgment, the trial court cited the following reasons:

> 1.    [Moore] failed to give prompt notice of the claim in question to [Haulers];
>
> 2.    The policy in question did not afford coverage for the claim as asserted.

This appeal followed.

In *Lee v. Lee*, 732 S.W.2d 275 (Tenn. 1987), our supreme court, in construing an identical policy provision requiring prompt notification of loss, concluded that such notice provisions impose upon the insured

> [The] duty . . . to give notice when [the insured] becomes, or should become aware of, facts which would suggest to a reasonably prudent person that the event for which coverage is sought might reasonably be expected to produce a claim against the insurer.

*Lee*, 732 S.W.2d at 276. This Court subsequently has made clear that the duty to give notice does not arise until an ordinarily or reasonably prudent person would have known (1) that an event had occurred, and (2) that such event might reasonably be expected to produce a claim against the insurer. *Allstate Ins. Co. v. Wilson*, 856 S.W.2d 706, 709 (Tenn. App. 1992).

In *Allstate Insurance Co. v. Wilson*, 856 S.W.2d 706, 709 (Tenn. App. 1992), the event in question, an accidental shooting, occurred on May 23, 1988, but the insureds did not notify their insurance company of the accident until October 24, 1988. The court held that, under these circumstances, the insureds failed to comply with the notice provisions of their homeowner's policy. *Id.* The court reasoned that, although the insureds had reasonable grounds to believe that a claim would arise against them, "[t]hey gave no notice to the insurance company until approximately five months after the incident occurred." *Id.*

In an unreported decision, the middle section of this Court has concluded that even

a three-month delay in reporting the accident may constitute a breach of the insureds' duty to provide prompt notice. In *Allstate Insurance Co. v. Hamilton*, No. 01A01-9006-CH-00221, 1990 WL 165071, at *2 (Tenn. App. Oct. 31, 1990), the incident occurred on July 3, 1988, when the insureds' dog bit a child on the ear. The insureds were not aware that their homeowner's policy provided liability coverage for such incidents, so they did not notify their insurer of the incident until October 13, 1988, three months and ten days later. In concluding that the insureds had breached their duty of prompt notice, the court focused on what the insureds knew, or should have known, at the time the incident occurred. *Id.*, at *3. First, it was uncontradicted that the insureds knew they had a homeowner's policy with the insurer. Further, the court concluded that the insureds were charged with knowledge of the policy's provisions, including the liability provision which would have covered the event in question. Finally, the court noted that the insureds should have been aware of the seriousness of the incident because the injured child bled a great deal and the police were called to investigate. *Id.*

In *Allstate Insurance Co. v. Davis*, No. 03A01-9512-CV-00426, 1996 WL 149383 (Tenn. App. Apr. 3, 1996), the court held that the insured breached the duty to provide prompt notice where the insured waited over six months before reporting a car accident in which he was involved. In determining when the insured should have provided notice of the accident, the court again focused on the knowledge in the insured's possession. Initially, the insured did not consider the car accident to be serious enough to report because he only "bumped" the rear of another vehicle and, upon questioning, the vehicle's occupants indicated that they were unhurt. *Id.*, at *1. Two to six weeks after the accident, however, the insured was informed by the owner of the other vehicle that the car had been "totaled." *Id.* The court concluded that, under these undisputed facts, the insured "had a duty to give notice to his insurance company of the accident, certainly no later than the time the owner of the other vehicle advised him that the vehicle had been 'totaled'." *Id.*, at *2.

In the present appeal, Moore contends that she complied with the automobile insurance policy's prompt notification provision when she discussed Tracy's death with her agent, Baker, four or five months after the accident. During this conversation, Baker was notified that Tracy had been fatally injured in a car accident and that the car's driver was uninsured. Baker also had been told at the time the policy was issued that Tracy still lived at home.

For purposes of this appeal, we need not decide the issue of whether the information learned by Baker during this conversation constituted sufficient notice of the accident under the terms of Haulers' policy. Even assuming that the information provided was sufficient, we conclude, as a matter of law, that Moore's four- to five-month delay in notifying Baker of the accident constituted a breach of Moore's duty to provide prompt notice of the accident under the policy. *See Allstate Ins. Co. v. Wilson*, 856 S.W.2d 706, 709 (Tenn. App. 1992) (five-month delay); *Allstate Ins. Co. v. Hamilton*, No. 01A01-9006-CH-00221, 1990 WL 165071, at *3 (Tenn. App. Oct. 31, 1990) (three-month delay).

In reaching this conclusion, we have considered the knowledge in Moore's possession shortly after the death of her son. Moore knew that Tracy had been involved in a serious car accident which had resulted in his death. At the funeral home shortly thereafter, Moore learned from the father of the car's driver that the driver was an uninsured motorist. Moreover, as the insured under the subject policy, Moore was charged with knowledge of the policy's provisions, including the uninsured motorist provisions. *See Allstate Ins. Co. v. Hamilton*, 1990 WL 165071, at *3. Based on the undisputed facts, Moore's duty to give the insurer prompt notification of Tracy's accident arose no later than the time Moore was informed that the only driver involved in the single-car accident was uninsured. *See Allstate Ins. Co. v. Davis*, No. 03A01-9512-CV-00426, 1996 WL 149383, at *2 (Tenn. App. Apr. 3, 1996). As a matter of law, therefore, Moore breached the duty of prompt notice by waiting four or five months to notify Baker of the accident. *Allstate Ins. Co. v. Wilson*, 856 S.W.2d at 709; *Allstate Ins. Co. v. Hamilton*, 1990 WL 165071, at *3; *cf. Wilhite v. Tennessee Farmers Mut. Ins. Co.*, 510 S.W.2d 885, 887 (Tenn. 1974) (holding that notice requirements of automobile insurance policy were met where insured decedent's father telephoned agent within two or three weeks of fatal collision but agent informed him that claim was not covered by policy's uninsured motorist provisions).

Alternatively, Moore argues that Baker received sufficient notification of the accident as early as January 1995 when Baker was shown the newspaper article about Tracy's death by one of Moore's other sons. We note, however, that even this earlier notification involved a delay of three months, which this court has concluded constituted a breach of the duty of prompt notice. *See Allstate Ins. Co. v. Hamilton*, 1990 WL 165071, at *3. Moreover, we question whether the

information provided to Baker at this time was specific enough to comply with the policy's notification provision. The eastern section of this Court recently stressed the importance of this type of notice provision:

> The type of notice at issue in this case has been labeled by the courts of this state as "a vital and indispensable condition precedent to recovery under the policy." ***Hartford Accident and Indemnity Co. v. Creasy***, 530 S.W.2d 778, 779 (Tenn. 1975). "The general purpose of a notice provision is to make the insurer aware that a claim may be forthcoming and provide an adequate opportunity for investigation." ***Allstate Insurance Co. v. Fitzgerald***, 743 F. Supp. 539, 542 (W.D. Tenn. 1990).

***Posey v. Williams***, No. 03A01-9603-CV-00080, 1996 WL 673995, at *3 (Tenn. App. Nov. 22, 1996).

We conclude that the information provided by Tracy's brother in January 1995 failed to satisfy Moore's obligation to provide prompt notice of the accident because the information was insufficient to put Baker on notice that a claim under Moore's automobile insurance policy might be forthcoming. At this time, Tracy's brother merely informed Baker that Tracy had been killed in a car accident. Tracy was not a named insured on Moore's policy, and at that time Baker had no knowledge that the driver of the car was uninsured or that a claim might be forthcoming pursuant to the uninsured motorist provisions of Moore's policy.

We hold that, under the circumstances of this case, the trial court properly ruled that Moore failed to give prompt notice of the claim as required by the provisions of the automobile insurance policy issued by Haulers and, thus, that Moore's claim was not covered by the policy's uninsured motorist provisions. In light of our holding, we need not address the merits of Haulers' misrepresentation defense.[1]

The trial court's judgment is affirmed. Costs of this appeal are taxed to Appellants, for which execution may issue if necessary.

---

[1]***See Spellmeyer v. Tennessee Farmers Mut. Ins. Co.***, 879 S.W.2d 843 (Tenn. App. 1993); ***Clingan v. Vulcan Life Ins. Co.***, 694 S.W.2d 327 (Tenn. App. 1985); ***Milligan v. MFA Mut. Ins. Co.***, 497 S.W.2d 736 (Tenn. App. 1973); T.C.A. § 56-7-103 (1994).

_____

FARMER, J.


_____

CRAWFORD, P.J., W.S. (Concurs)


_____

HIGHERS, J. (Concurs)